**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| TAYLOR D. PENDLETON, an individual, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> 10Q LLC, a California Limited Liability ) </br> Company; PROPELR MUSIC, LLC, an Illinois ) </br> Limited Liability Company; MARRIANI ) </br> RECORDS, an Illinois corporation; ANTOINE ) </br> REED p/k/a "Sir Michael Rocks," an individual; ) </br> and DOES 1 through 100, inclusive, ) </br> ) </br> Defendants. ) | Case No.: 1:23-cv-04708 |

I, KRISTINA WILSON, the undersigned affiant, state the following under oath:

1. I am over the age of eighteen (18) and I am capable of making this declaration.

2. I am one of the attorneys of record for the Plaintiff in the above-captioned matter.

3. I am fully familiar with the facts set forth herein, and if called upon as a witness, could testify competently thereto.

4. Plaintiff retained the services of Chicagoland Process Services, Inc., a legal services company that is located in Chicago, Illinois ("CLP") to serve the Summons and the Complaint in this action on

Defendants Propelr Music, LLC ("Propelr"), Marriani Records ("Marriani"), and Antoine Reed p/k/a "Sir Michael Rocks ("Reed") (collectively, the "Defendants") on or around August 3, 2023 at the business address where the agents and officers, including Reed where located according to the Illinois Secretary of State (the "Business Address").

5. CLP attempted to serve Propelr, Marriani, and Reed at the Business Address; however, service was not perfected at the Business Address because the CLP process server was told that they wouldn't accept service.

6. On September 19, 2023, CLP again attempted to serve Propelr, Marriani, and Reed at the Business Address; however, service was not perfected because the process server was told that the office at the Business Address was open by appointment only and there was no one physically present at the Business Address.

7. On November 13, 2023, CLP was able to serve Propelr, Marriani, at the Business Address; however, Reed was not present and Marriani would not accept service on behalf of Reed.

8. This case was originally filed in the United States District Court for the Central District of California (the "California Case") where it was dismissed on jurisdictional grounds, and Reed through his counsel in the California Case is aware that this case has been filed this case in this Court.

9. Despite Reed's attempts to evade service at the Business Address, Plaintiff has located three (3) residential addresses in Chicago/Cook County.

10. Plaintiff has a process server in place to make service attempts at three (3) residential locations and will exhaust the costs for said process server should this motion be granted.

11. Reed is the party whose acts involved the direct infringement of Plaintiff's copyright and therefore, it is imperative that Plaintiff be able to prosecute her claims against Reed.

12. Plaintiff would be extremely prejudiced if this motion is not granted because Plaintiff has attempted to serve Reed multiple times and would not be able to receive justice against the person involved in the direct infringement of her copyrights.

13. In addition, Reed would not be prejudiced by the granting of this motion because as the President and Director of Marriani, who is another defendant in this case, which has been served, Reed is aware of that this case has been filed and Reed through his counsel in the California Case, Reed is aware that this case has been filed this case in this Court.

Under penalty of perjury under the laws of the State of Illinois, I declare that I have read the foregoing Declaration and that the facts stated in it are true and correct to the best of my knowledge and that this declaration was executed this 20th day of November 2023 in Los Angeles, California.

_____
Kristina T. Wilson, Esq.
*CA Bar #: 330475*