THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Taylor D. Pendleton,<br><br>                Plaintiff,<br><br>    v.<br><br>10Q LLC *et al.*,<br><br>                Defendants. | Case No. 1:23-cv-04708<br><br>Dist. Judge Andrea R. Wood<br><br>Mag. Judge M. David Weisman |

**DEFENDANTS PROPELR MUSIC, LLC AND MARRIANI, INC.'S
MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendants Propelr Music, LLC ("Propelr") and Marriani, Inc. ("Marriani"), by their counsel, respectfully submit this Motion to Set Aside Entry of Default against each of Propelr and Marriani, pursuant to Federal Rule of Civil Procedure 55(c) ("Motion").

**RELEVANT PROCEDURAL BACKGROUND**

Before instituting this litigation, Plaintiff Taylor D. Pendleton ("Plaintiff" or "Pendleton") first filed suit against the same defendants, including against Propelr and Marriani, in the U.S. District Court for the Central District of California. *See Pendleton v. 10Q LLC et al.*, 2:22-cv-04806-RGK-PVC (C.D. Cal.) [hereinafter "California Action"]. Propelr and Marriani, both of whom were represented by counsel in the California Action, moved to dismiss the case against them for lack of personal jurisdiction, which the court granted. *See* California Action, Dkt. 44, Dkt 53. Pendleton sought reconsideration, and after that was unsuccessful, Pendleton proceeded to appeal the ruling. *See* California Action, Dkt. 64, Dkt. 65.

Rather than prosecuting the appeal with the Ninth Circuit, Pendleton filed the case in this District on July 20, 2023. Pendleton did not attempt to request waiver or acceptance of service through Propelr and Marriani's California counsel, with whom Plaintiff's counsel had already previously communicated. (*See* Declaration of Eduardo Martorell, ¶¶ 3–5.) Instead, Plaintiff

engaged someone to serve Propelr and Marriani at both companies' registered address listed in the records of the Illinois Secretary of State. (*See* Dkt. 20-1, at 1 ¶ 4.) When the process server arrived at the business address, however, Propelr and Marriani's registered agent was not present at the location due to travel commitments. (*See* Declaration of Josh S. Kaplan, ¶¶ 4, 8.) The process server instead served a copy of the summons and complaint upon a lawyer at the location, Brian Troglia. (Dkt. 20-1, Exs. A–B (showing individual served was "Brian Tragolia" [sic]); *see also* Declaration of Brian W. Troglia, ¶ 4.) Troglia was not the registered agent of either Propelr or Marriani. (Troglia Decl. ¶ 6.) Troglia also did not represent either Propelr or Marriani as an attorney or any other type of agent. (*Id*. ¶ 7.)

On December 4, 2023, Troglia proceeded to inform Plaintiff's counsel via email that he did not represent Propelr or Marriani in any way. (*Id*. ¶ 8.) Troglia did not receive any response from Plaintiff's counsel or anyone else representing Plaintiff. (*Id*. ¶ 9.) There was also no contact between Plaintiff and the actual registered agent for Propelr and Marriani – Josh Kaplan. (*See* Kaplan Decl. ¶ 10.) Despite this, Plaintiff moved for entry of default under Rule 55(a) against Propelr and Marriani, which the Court granted. (*See* Dkt. 20, Dkt. 23.) Importantly, while default was entered under Rule 55(a), no default judgment has been requested or granted against any defendant.

Pendleton had also filed suit in both the California Action and in this case against Defendant Antoine Reed ("Reed"). Reed is the sole owner and president of Marriani. Contrary to Plaintiff's assertions that Reed was attempting to evade service, (*see, e.g.*, Dkt. 17-1, ¶ 9), Reed simply never had received any service even on behalf of Marriani. (*See* Kaplan Decl., ¶¶ 11–12.) Reed was personally served with process on June 10, 2024, and he is now promptly appearing and responding in this case. As set forth in more detail in the motion to dismiss jointly filed by Propelr,

2

Marriani, and Reed, the interests of each of these defendants are aligned, and they all have meritorious defenses in this case.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) allows district courts to set aside an entry of default before judgment has been entered, while the higher standard contained in Rule 60(b) must be used for relief after judgment. *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). "Regardless of which standard applies, Defendants would be entitled to an order vacating the default entered against them if the court lacks subject matter jurisdiction or personal jurisdiction over them, or if Defendants received insufficient service of process." *Strabala v. Zhang*, 318 F.R.D. 81, 89 (N.D. Ill. 2016) (citing *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016) (a final judgment is void and must be set aside if the court lacked personal jurisdiction or if the party against whom the judgment was entered was not adequately served); *United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995) ("a judgment is void . . . if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law")).

Even where the entry of default against a defendant is not void on jurisdictional grounds, courts in this District can still vacate it under general "good cause" principles applicable to Rule 55(c) motions. *Strabala*, 318 F.R.D. at 89; FED. R. CIV. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Id*. (quoting *Cracco*

---

[1] Propelr and Marriani do not know whether defendant 10Q LLC ("10Q") was truly properly served or whether 10Q is aware of the default entered against it in this case on April 3, 2024.(*See* Dkt. 23.) While this Motion is not being filed on behalf of 10Q, Propelr and Marriani note that 10Q's motion to dismiss for failure to state a claim had been granted in the California Action, and that Plaintiff's motion for reconsideration was similarly denied with respect to dismissal of 10Q. *See* California Action, Dkt. 54, Dkt. 64.

3

*v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009)). "While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." *Cracco*, 559 F.3d at 631 (internal quotation marks omitted); *see also Sims*, 475 F.3d at 868 ("Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the 'good cause' standard in Rule 55(c) must be easier to satisfy."). The Seventh Circuit has consistently favored trial on the merits over default judgment. *Cracco*, 559 F.3d at 631.

## ARGUMENT

### I.  GOOD CAUSE EXISTS FOR PROPELR AND MARRIANI'S DEFAULT.

As noted above, the "good cause" standard for Rule 55(c) motions is more lenient than the standard for post-judgment Rule 60(b) motions. *Strabala*, 318 F.R.D. at 91. This standard "does not depend on there being a good excuse for the defendant's failure to appear in a timely manner." *Id.* "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims*, 475 F.3d at 868. A "good excuse" or "excusable neglect" is not required. *Id.*

A party can establish good cause "by showing that 'it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence.'" *Fed. Trade Comm'n v. Construct Data Publishers A.S.*, No. 13-cv-01999, at *10 (N.D. Ill. Dec. 11, 2014) (WOOD, J.) (quoting *Cracco*, 559 F.3d at 631). Sufficient good cause can exist when there are multiple legal cases ongoing in relation to the same subject matter at the same time. *See, e.g.*, *Strabala*, 318 F.R.D. at 90–91 (giving defendants the benefit of the doubt and assuming that defendants "did not respond to the complaint out of confusion caused by the rather complicated situation with multiple lawsuits," despite suspecting that defendants had tried to evade service). Furthermore, negligent and even reckless misconduct by a defendant in allowing for default to occur can still entail good cause for setting aside a default. *See Sims*, 475 F.3d at 868.

As established, Pendleton had initially sued Propelr, Marriani, and Reed in another federal jurisdiction. The defendants did not ignore that initial case and instead engaged counsel to litigate it substantively. (*See* Martorell Decl. ¶ 3.) Upon filing the instant action in this District, Plaintiff seemingly did not attempt to effect service against Propelr, Marriani, and Reed in the most straightforward way possible – by contacting the defendants' California counsel. (*Id.* ¶¶ 4–5.) Instead, Plaintiff attempted to serve defendants at the registered address, but due to Propelr and Marriani's registered agent's travels, the registered agent did not actually receive the service from Plaintiff's process server. (Kaplan Decl., ¶ 8; *see also* Troglia Decl. ¶ 4.) In fact, the process server's own affidavit confirms that the summons and complaint were served upon a person other than the registered agent for Propelr and Marriani. (*See* Dkt. 20-1, Exs. A–B.) Regardless of whether the service of Propelr and Marriani may be deemed improper, good cause exists to set aside the default entered against them.

## II. PROPELR AND MARRIANI HAVE TAKEN QUICK ACTION TO CORRECT THEIR DEFAULT.

The promptness of correcting a default is assessed on a case-by-case basis. *Antsy Labs, LLC v. The Individuals et al.*, No. 21-cv-3297, at *5 (N.D. Ill. Sep. 19, 2022). While in some instances delays of even a few weeks may be deemed unacceptable, other times actions taken to set aside default after much longer delays may be deemed sufficiently quick. *See, e.g.*, *Smith v. Widman Trucking Excavating*, 627 F.2d 792, 797–98 (7th Cir. 1980) (10-week delay deemed acceptable); *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) ("If, for instance, the defendant (through no fault of his or her own) did not even become aware of the default judgment until one month (or six months) after its entry, maybe trying to vacate the judgment at that late date would be quick enough to satisfy the standard."). Notably, Rule 60(b) motions, which are subject to a more stringent standard than Rule 55(c) motions, must be "made within a reasonable time," and

for some circumstances may be made up to a year after entry of default judgment. *See* FED. R. CIV. P. 60(c)(1).

The Court's entry of default against Propelr and Marriani occurred on April 3, 2024. (Dkt. 23.) Propelr and Marriani are now moving to set aside the default less than three months after the entry of default. More importantly, Propelr and Marriani only learned of the entry of default after Reed was served with process on June 10, 2024. Propelr and Marriani are filing this Motion within Reed's 21-day period to respond after receiving service. Reed has not sought any extensions to respond.

### III. PROPELR AND MARRIANI HAVE MERITORIOUS DEFENSES TO THE COMPLAINT.

"A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). Concurrently with this motion, Propelr and Marriani are also filing a motion to dismiss Plaintiff's Complaint under Rule 12(b)(6) – a motion also joined by Reed. Defendants have asserted multiple reasons for why the Complaint must be dismissed, including res judicata, failure to state copyright infringement claims, and preemption of Plaintiff's asserted state law claims. Each of these defenses at a minimum raises serious questions as to whether default judgment would be proper against any of the defendants in this case. *Cf. Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 129 (D.D.C. 2009) (deeming res judicata a meritorious defense for purposes of setting aside entry of default); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) ("The entry of a default order does not, however, preclude a party from challenging the sufficiency of the complaint."); *Wattiker v. Elsenbary Enters.*, 3:22-cv-940-B-BN, at *9 (N.D. Tex. May 19, 2023) (finding that a plaintiff was not entitled to default judgment on

state law claims because both state law claims were preempted by a federal law). And of course, it is important to reiterate that no default judgment has actually been entered in this case yet.

## CONCLUSION

Based on the foregoing, Propelr and Marriani respectfully request that the Court set aside the entry of default against them.

Dated: June 28, 2024

Respectfully submitted,

**ZLATKIN CANN ENTERTAINMENT**

By: /s/ Ilya G. Zlatkin
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

**AJ FARAG LAW LLC**

By: /s/ Adam J. Farag
Adam J. Farag
AJ FARAG LAW LLC
1525 North Elston Avenue, Suite 200
Chicago, Illinois 60642
Tel: (815) 262-1486
adam@ajflaw.com

*Attorneys for Defendants Propelr Music, LLC and Marriani, Inc.*