THE LAW OFFICES OF KRISTINA T. WILSON P.C.
Kristina T. Wilson, Esq.
Attorney for Plaintiff
645 W. 9th Street
Unit # 110-376
Los Angeles, California 90015
Telephone: (323) 537-7795
CA Bar No. 330475
Email: Wilson@KTWilsonLaw.com
Secondary Email: KTWilsonLaw@gmail.com

THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
Attorney for Plaintiff
20 Island Ave
Suite 801
Miami, Florida 33139
Telephone: (253) 970-1683
CA Bar No. 310526
Email: Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorneys for Plaintiff, Taylor D. Pendleton**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR D. PENDLETON, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>10Q LLC, a California Limited Liability Company; THE PROPELR, INC, an Illinois corporation; MARRIANI RECORDS, an Illinois corporation; ANTOINE REED p/k/a "Sir Michael Rocks," an individual;<br><br>and DOES 1 through 100, inclusive<br><br>　　　　　Defendants. | Case No.:<br><br>COMPLAINT FOR<br><br>　1.　COPYRIGHT INFRINGEMENT<br><br>　2.　UNJUST ENRICHMENT<br><br>　　**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES Plaintiff, TAYLOR D. PENDLETON ("Ms. Pendleton" or "Plaintiff"), by and through the undersigned counsel and hereby files this Complaint and Demand for Jury Trial against Defendants, 10Q LLC ("10Q") THE PROPELR, INC., ("PROPELR");   MARRIANI RECORDS ("MARRIANI"); (10Q, PROPELR and MARRIANI, collectively, shall be referred to as, the "LABEL"); ANTOINE REED p/k/a "Sir Michael Rocks" ("REED") and DOES 1 through 100, inclusive, (all defendants collectively shall be referred to as, the "DEFENDANTS") and states as follows:

## INTRODUCTION

1.     This is a suit based upon violations of the United States Copyright Act (the "Act") and/or alternatively claims for unjust enrichment.  The Plaintiffs have specifically plead counts of: Copyright Infringement, and/or additionally, or in the alternative, a claim for Unjust Enrichment.  Plaintiff, however, may move to amend these counts should additional counts and/or claims against the DEFENDANTS be discovered.

2.      Plaintiff is seeking damages in an amount to be proved at trial in excess of Seventy-Five Thousand ($75,000.00), including an award of, costs, and attorney's fees.

## THE PARTIES, JURISDICTION, AND VENUE

3.     Plaintiff is an individual, and she was at all relevant times mentioned herein a citizen of the County of Lucas, Ohio.

4.     Defendant 10Q is a California corporation with its principal place of business in the State of California. At all relevant times herein, 10Q conducted business in the State of California as music/record label and is managed by PROPELR.

5.     Defendant PROPELR is an Illinois corporation with its principal place of business in the State of Illinois. At all relevant times herein, PROPELR conducted business in the State of California as

music/record label.

6.    Defendant MARRIANI is an Illinois company with its principal place of business in the State of Illinois.  At all relevant times herein, MARRIANI conducted business in the State of California as a music/record label.

7.    Defendant REED is an individual, and he was at the relevant times mentioned in a citizen of the County of Cook, Illinois.  Reed is a prominent entertainer, singer and songwriter who is professionally known as "Sir Michael Rocks".

8.    The full extent of the facts linking the fictitiously designated Defendants with the cause(s) of actions herein is unknown to the PLAINTIFFS.  Further the true names and capacities, whether individual, corporate, associate, plural or partnership, or otherwise, of Defendants, DOES 1 through 10, inclusive, are unknown to the PLAINTIFFS.  The PLAINTIFFS therefore sues Defendants by such fictitious names. The PLAINTIFFS are informed and believe, and thereupon allege, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully responsible in some manner for the events and happenings hereinafter referred to, and negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully, proximately caused injuries and damages to the PLAINTIFFS, as hereinafter alleged.  The PLAINTIFFS will ask leave of this Court to amend this Complaint to show said Defendants' names and capacities once the same have been ascertained.

9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because it arises under an Act of Congress, the United States Copyright Act.

10.    Venue is proper in this District pursuant to § 1391, in that each of the Defendants resides and/or conducts business in Los Angeles County, California, and a substantial part of the events giving rise to these claims occurred in Los Angeles, California.

COMPLAINT FOR DAMAGES - 3

## **GENERAL ALLEGATIONS**

11.     On or around May 31, 2016, Ms. Pendleton, a free-lance artist, shared a copy of some of her artwork with REED on Twitter, with the hopes that REED would request to work with her in the future.

12.     REED expressed interest in Ms. Pendleton's artwork and he exchanged his email address with Ms. Pendleton via Twitter to further his inquiries of Ms. Pendleton's artwork.

13.     On June 5, 2016, Ms. Pendleton contacted Reed through the email address REED provided to her, and she advised Reed that she was interested in working with him and she inquired into what it was that REED was interested in having created.

14.     On June 6, 2016, REED responded to Ms. Pendleton via his email and stated that he was interested in having Ms. Pendleton do custom artwork for his official Twitch page, where he planned to release his, at-the-time, newest music project.

15.     On June 15, 2016, REED again contacted Ms. Pendleton via email and stated that he had another idea, and that instead of having Ms. Pendleton create artwork for his Twitch page, REED wanted her to do the cover art for his mixtape (the "Artwork") that he intended to release.

16.     On June 15, 2016, Ms. Pendleton responded to REED's email and stated that she was interested in creating the Artwork for REED's mixtape and Ms. Pendleton asked for details and any ideas that REED had for the design of the Artwork.

17.     On June 16, 2016, REED explained to Ms. Pendleton that the mixtape would be entitled "Funds and Access" (the "Album") and REED gave Ms. Pendleton some ideas for the Artwork that involved skeletons, a credit card and an ATM.  REED explained to Ms. Pendleton that he wanted the style of the artwork to resemble Ms. Pendleton's aesthetic and the semi-gruesome artistic style that he saw in her previous works.

18.     REED attached examples of another piece of artwork that he had retained someone to make for him and he advised Ms. Pendleton that the example "didn't quite make the cut".

19.     On June 16, 2016, Ms. Pendleton responded to REED's email with "doodle type thumbnails" of the Artwork that she drew based upon the description that was outlined by REED in his previous email.

20.     On June 16, 2016, REED responded to Ms. Pendleton's email and advised her that the thumbnails that she drew looked 'really good' and that he would look at them further to narrow down which one he wanted.

21.     REED emailed Ms. Pendleton on June 16, 2016 and asked her to let him know if she decided to add color to the Artwork examples that she presented and REED also corrected Ms. Pendleton for a spelling error that he found in the draft of the Artwork.

22.     On June 23, 2016, Ms. Pendleton responded to REED's June 16, 2016 email and she informed REED that she had attached new drafts of the Artwork to her email, which had more detail and color.  Ms. Pendleton expressed to REED that these drafts of the Artwork were not intended to be final drafts but that they were only meant to give REED an idea of the concept so he could decide which direction he would want to take.

23.     On June 23, 2016, REED responded to Ms. Pendleton's email stating "Niiiice. These look good AF [(as fuck)]."

24.     Ms. Pendleton responded to REED's June 23, 2016 email later that same day and thanked him for the compliment.  Ms. Pendleton stated that she would help REED to narrow down the choices of the Artwork that she had created.

25.     REED never responded to this email last email from Ms. Pendleton.

26.     On or around August 30, 2016, Ms. Pendleton unfollowed REED on all social media platforms.

27. On or around August 31, 2020, while Ms. Pendleton was listening to a playlist on the mobile phone application, Spotify, she saw the Artwork displayed as a thumbnail on a song on the Album.

28. On August 31, 2020, Ms. Pendleton emailed REED, reminding him who she was and that she had just discovered that he used the Artwork for the Album and that the Artwork was featured on the Album across multiple music streaming platforms including Soundcloud, Youtube, and Amazon, etc. In this same email, Ms. Pendleton also expressed her desire to amicably resolve her claims with REED.

29. After REED failed to respond to Ms. Pendleton's August 31, 2020 email, she sent another email to REED on September 3, 2020 to a different email address that she located for REED.

30. On September 3, 2020, REED responded to Ms. Pendleton's September 23, 2020 email stating that he remembered who Ms. Pendleton was and REED apologized to her for not responding sooner because he had not remembered where the Artwork for the Album came from. REED further explained to Ms. Pendleton that in 2018, a person close to him surreptitiously accessed his social media and email accounts without his permission and leaked the Album in 2018, which included the Artwork on its cover. REED continued that rather than fighting the "leak," he his team decided to "roll with the punches," and let the Album circulate. REED admitted that he erred by not researching where the Artwork came from and he asked Ms. Pendleton what she had in mind as far as resolving the issue.

31. Ms. Pendleton replied to REED's email on September 4, 2020, and stated that she would be willing to resolve the issue with REED in exchange for $3,000.00, plus a sum related to the Artwork's contribution to the Album, its streams and publicity.

32. On September 11, 2020, Ms. Pendleton again emailed REED in order to follow up on her September 4, 2020 email since she did not receive a response from REED. REED, however, failed to respond to Ms. Pendleton's September 11, 2020 email as well.

33.     On December 14, 2020, Ms. Pendleton, through counsel, contacted the LABEL and notified the LABEL of its and its client's unauthorized use of the Artwork, Ms. Pendleton's intellectual property. In this correspondence, Ms. Pendleton demanded that the LABEL, who was responsible for the distribution of the Album, and who also displayed the Artwork on their social media site and website to market Artist, to compensate her for REED and its unauthorized use of the Artwork.

34.     Ms. Pendleton's counsel and the LABEL's counsel spoke over the phone on January 4, 2021, regarding Ms. Pendleton's claims pertaining to the Artwork.

35.     During that conversation, the LABEL's counsel indicated that at that time of the Album's release it was the LABEL's understanding that Ms. Pendleton had participated in a social media contest and that it was allegedly understood by her, REED, and the LABEL that Ms. Pendleton's compensation would be her receiving credit for the Artwork on social.

36.     After this phone call, the LABEL was provided evidence of the email exchanges between REED and Ms. Pendleton in an effort to refute the LABEL's claims that the Artwork was created by Ms. Pendleton as a part of her participation in a social media contest and to show that Ms. Pendleton had never been compensated in any way for the Artwork.

37.     On January 19, 2021, the LABEL through counsel responded to Ms. Pendleton's claims and the LABEL advised that REED had explicitly requested that Ms. Pendleton provide him with the Artwork that was to be used as cover art for the Album but that neither REED nor Ms. Pendleton had discussed compensation or a fee for the Artwork. The LABEL proceeded to advise that it was its position that because the Album did not earn significant revenue, the LABEL's efforts to take 'reasonable steps to remove' the artwork was an adequate remedy.

38. Despite knowing that he did not purchase the Artwork or have authorization to use the Artwork, REED knowingly, intentionally and in bad-faith released the Album through the LABEL, and the release if the Album generated publicity and income for both the LABEL and REED.

39. While REED claims that the Album was first released without his permission, REED knew that he had not requested Ms. Pendleton's permission to use the Artwork and he failed to take any curative measures, or to direct the LABEL to take any curative action concerning their unauthorized use of the Artwork

40. REED and the LABEL's use of Ms. Pendleton's artwork is, and was, unauthorized and in bad faith.

41. Despite both REED and the LABEL having notice of Ms. Pendleton's claims, Ms. Pendleton's artwork was still being displayed on the LABEL's website, for months after the notice was given, as well as on YouTube, and several other websites where the Album is commercially available, still until this day.

42. As a direct result of the DEFENDANTS' infringing actions, Ms. Pendleton has suffered and she will continue to suffer, monetary losses and other damages. Ms. Pendleton therefore is entitled to recover from the LABEL, in an amount to be determined at trial, the damages she has sustained and will sustain as a result of the DEFENDANTS' infringing actions, and any gains, profits and/or advantages obtained by the DEFENDANTS.

43. The LABEL knew, or reasonably should have known, that REED did not have authority to commercially release the Album with the Artwork on its cover.

44. On information and belief, the LABEL and REED, working in conjunction with each other, obtained tens, if not hundreds of thousands of dollars from their exploitation and unauthorized use of the Artwork through the direct sale, downloads, licensing, synchronization and digital streaming of the the Album, and through the indirect publicity and promotion that REED and the LABEL received as a result of the Album's release, all in violation of Ms. Pendleton's copyrights.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
(by the PLAINTIFF against the LABEL)

45.     PLAINTIFF hereby repeats, realleges and incorporates by reference each and every allegation contained herein above and incorporates the same herein as though fully set forth herein.

46.     On information and belief, the LABEL received authority and permission from REED to commercially release the Album on or around September 21, 2018.

47.     The LABEL has unlawfully used the Artwork and it has never sought Ms. Pendleton's consent, permission or approval to use the Artwork despite having knowledge that its use of the Artwork was unauthorized and it lacked both explicit and implicit permission.

48.     The LABEL has also marketed, licensed and/or otherwise benefited from its exploitation of the Artwork in direct violation of Ms. Pendleton's rights under the Act.

49.     Upon information and belief, the LABEL has received substantial sums of money as a direct result of its infringing use of the Artwork and the LABEL has paid or caused others to pay it, REED, and others, substantial sums of money associated with its infringing use of the Artwork.

50.     The LABEL has violated Ms. Pendleton's rights to control, sell, market, and/or distribute her artwork and/or any derivative works from the artwork in direct violation of Ms. Pendleton's rights under the Act.

51.     Given the commercial success of the Album, the LABEL has realized unjust profits, gains and advantages as a proximate result of its infringement, and it will continue realizing such unjust profits, gains and advantages as a proximate result of its infringement, as long as such infringement is permitted to continue.

52.     As a direct and proximate result of the DEFENDANTS' willful copyright infringement, Ms. Pendleton has suffered and she will continue to suffer, monetary losses and other injuries. Ms. Pendleton

is entitled to recover from LABEL, in an amount to be determined at trial, the damages that she has sustained and will sustain, and any gains, profits and advantages obtained by LABEL as a result of its infringing acts and its use and publication of the Artwork on the Album.

53.     Ms. Pendleton is entitled to recover damages from the LABEL, which include, but are not limited to her attorneys' fees the costs of this action, and any gains, profits and/or advantages that have been obtained by the LABEL as a result of its actions as have been alleged in this Complaint.

54.     At the present time, the amount of Ms. Pendleton's damages, and the amount of the gains, profits and/or advantages received by the LABEL cannot be fully ascertained; however, such will be established according to proof at trial.

## COUNT II
## COPYRIGHT INFRINGEMENT
(by the PLAINTIFF against LABEL)

55.     PLAINTIFF hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

56.     Prior to September 21, 2018, the LABEL, on information and belief, received authorization from REED to release the Album on or around September 21, 2018.

57.     On or around September 21, 2018, the LABEL released the Album for commercial purposes, which featured the Artwork.

58.     The Artwork that Ms. Pendleton created was used for the Album's cover art and commercially available across multiple streaming platforms, including but not limited to, Amazon Music, Spotify, Tidal, Apple Music, Pandora, and Youtube. The Artwork was also used to promote the Album on REED's personal social media pages and on the LABEL's website.

59.     Neither the LABEL, nor REED requested Ms. Pendleton's permission to use the Artwork on the Album.

60.     The LABEL has received monies for the Album, which Ms. Pendleton is, at least in part, responsible for, and therefore Ms. Pendleton is entitled to a portion of the monies earned and received by the LABEL through the commercial release of the Album.

61.     Through its use of the artwork, Ms. Pendleton conferred a benefit on the LABEL who benefitted from the sales and streams of the Album.

62.     The LABEL was, and is, aware of the benefit that it received from Ms. Pendleton through her creation of the Artwork that was used for the Album's cover.

63.     The LABEL intended to receive, and it ultimately did/has received financial gain and compensation through the commercial release of the Album.

64.     Notwithstanding the financial gain and compensation that the LABEL has received through its commercial release of the Album. Ms. Pendleton has not received any financial gain or compensation.

65.     The circumstances are such that it would be inequitable for the LABEL to retain the benefits that were conferred on it by Ms. Pendleton, without providing any benefits or compensation to Ms. Pendleton.

## COUNT III
## COPYRIGHT INFRINGEMENT
(by the PLAINTIFF against REED)

66.     PLAINTIFF hereby repeats, realleges and incorporates by reference each and every allegation contained herein above and incorporates the same herein as though fully set forth herein.

67.     As described above, REED has infringed, and continues to infringe, upon Ms. Pendleton's rights and interest to the Artwork in violation of her exclusive rights under 17 U.S.C. § 101 et seq by commercially releasing the Album with the Artwork on its cover despite not having any permission or license from Ms. Pendleton to feature the Artwork on the Album, or on any streaming platform.

68.     REED's actions, and responses, or lack thereof, to Ms. Pendleton's good faith attempts to advise REED of  his infringing use of the Artwork demonstrate that REED's infringement of the Artwork was deliberate, willful, and in disregard of Ms. Pendleton's rights under the Act.

69.     Given the commercial success of the Album, REED has realized unjust profits, gains and/or advantages as a proximate result of his unauthorized use of the Artwork, and he will continue realizing unjust profits, gains and/or advantages as a proximate result of his unauthorized use, as long as such use is permitted to continue.

70.     As a direct and proximate result of REED'S willful copyright infringement, Ms. Pendleton has suffered and she will continue to suffer, monetary losses and damages. Ms. Pendleton is therefore entitled to recover from REED, in an amount to be determined at trial, the damages she has sustained and will sustain, and any gains, profits and/or advantages that were obtained by REED as a result of his unauthorized use and publication of the Album featuring the Artwork that was originally created by Ms. Pendleton.

71.     Ms. Pendleton is entitled to recover damages from REED, which include, but are not limited to her attorneys' fees, the costs of this action, and any gains, profits and/or advantages that have been obtained by REED as a result of his actions as alleged above.

72.     At the present time, the amount of Ms. Pendleton's damages, gains, profits and/or advantages cannot be fully ascertained; however, such will be established according to proof at trial.

**COUNT IV**
**UNJUST ENRICHMENT**
(by the PLAINTIFF against REED)

73.     PLAINTIFF hereby repeats, realleges and incorporates by reference each and every allegation contained herein above and incorporates the same herein as though fully set forth herein.

74. On or Around September 21, 2018, REED authorized the LABEL to commercially release the Album, which featured the Artwork on its cover.

75. By commercially releasing the Album with the Artwork on its cover , Ms. Pendleton conferred a benefit upon REED.

76. The REED was, and is aware of, and had knowledge of, the benefit that it received from using Ms. Pendleton's artwork when it released the Album.

77. REED intended to receive, and ultimately did/has received financial gain and compensation through the release of the Album.

78. Notwithstanding the financial gain and compensation that REED received through his infringing usage of the Artwork, Ms. Pendleton has not received any financial gain or compensation as a result of the commercial release of the Album, which included the Artwork that she originally created on its cover.

79. The Artwork on the Album directly and/or indirectly contributed to the commercial success of the Album.

80. The circumstances are such that it would be inequitable for REED to retain the benefits that were conferred on him by Ms. Pendleton, without providing any benefits to Ms. Pendleton.

**WHEREFORE**, for the reasons set forth herein, PLAINTIFF respectfully requests that this Court award damages in her favor and against the DEFENDANTS and each of them as follows:

a. For general and special damages to be proven at trial in an amount in excess of seventy-five thousand dollars ($75,000);

b. For an injunction, declaration, or other mandate that provides for Plaintiff to be properly credited as the artist of the Album's cover art;

c. For an injunction, declaration, or other mandate that provides for the DEFENDANTS to direct any and all third-parties whom they control to properly credit Plaintiff as the artists/creator of the Album's cover art;

d. For a full and proper accounting of any and all monies earned from the Album;

e. For any respective plaque(s) and any other credit/ancillary benefit that Plaintiff is entitled;

f. For the costs of this action;

g. For attorney's fees;

h. For interest; and

i. For any other and further legal and equitable relief this Court deems just and proper.

DATED 1st day of July 2022.

THE LAW OFFICE OF
KRISTINA T. WILSON, P.C.

                    /s Kristina T. Wilson, Esq.


THE WILLIAMS LAW GROUP

                    /s Andrew Williams, Esq.


## **DEMAND FOR JURY TRIAL**

Plaintiff TAYLOR D. PENDLETON, hereby demand a trial by jury for all issues so triable.

DATED this 1st day of July 2022.

THE LAW OFFICE OF
KRISTINA T. WILSON, P.C.

                    /s Kristina T. Wilson, Esq.


THE WILLIAMS LAW GROUP

                    /s Andrew Williams, Esq.

**RESERVATION OF RIGHTS**

Plaintiff TAYLOR D. PENDLETON reserves the right to further amend this Complaint, upon completion of her investigation and discovery, to assert any additional claims for relief against the DEFENDANTS or any other parties as may be warranted under the circumstances and as allowed by law. Plaintiff TAYLOR D. PENDLETON further reserves the right to seek and to have punitive damages assessed against the DEFENDANTS.

DATED this 1st day of July 2022.

THE LAW OFFICE OF
KRISTINA T. WILSON, P.C.

_____/s Kristina T. Wilson, Esq.

THE WILLIAMS LAW GROUP

_____/s Andrew Williams, Esq.

**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Jordan M. Zim, State Bar No. 332757
JZim@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for *Specially Appearing* Defendants
PROPELR MUSIC, LLC; MARRIANI, INC.;
ANTOINE REED p/k/a "Sir Michael Rocks";
and Defendant 10Q LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR D. PENDLETON, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>10Q LLC, a California Limited Liability Company; PROPELR MUSIC, LLC, an Illinois Limited Liability Company; MARRIANI, INC., an Illinois corporation; ANTOINE REED p/k/a "Sir Michael Rocks," an individual; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. 2:22-cv-04806-RGK-PVC<br><br>Judge: Hon. R. Gary Klausner<br><br>***SPECIALLY APPEARING*** **DEFENDANTS PROPELR MUSIC, LLC, MARRIANI, INC. AND ANTOINE REED'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED R. CIV. P. 12(b)(2)**<br><br>Filed concurrently herewith:<br>(1)　Memorandum of Points & Authorities<br>(2)　Declaration of Eduardo Martorell<br>(3)　Declaration of Antoine Reed<br>(4)　Declaration of Josh Kaplan<br>(5)　Request for Judicial Notice<br>(6)　[Proposed] Order<br><br>Hearing Date:　January 23, 2023<br>Time:　　　　　9:00 a.m.<br><br>Action filed:　　July 13, 2022 |

MARTORELL LAW APC
Litigation & Trial Counsel

**MARTORELL LAW APC**

Litigation & Trial Counsel

## NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(2)

Please take notice that on January 23, 2023, at 9:00 a.m., or as soon thereafter as the matter parties may be heard, in the Courtroom of Honorable R. Gary Klausner, Courtroom 850 on the 8th Floor of the Roybal Federal Building and U.S. Courthouse, located at 255 East Temple Street., Los Angeles, CA 90012. *Specially Appearing* Defendants PROPELR MUSIC, LLC ("PROPELR"), an Illinois Limited Liability Company; MARRIANI, INC. ("MARRIANI"), an Illinois corporation; ANTOINE REED p/k/a "Sir Michael Rocks," ("REED") an individual residing in Illinois (collectively, the "Illinois Defendants"), hereby make this *special appearance*, requesting this Court to dismiss Plaintiff Taylor D. Pendleton's ("Plaintiff") Complaint against the Illinois Defendants for lack of personal jurisdiction.

This motion is based upon the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the declarations submitted therewith, all documents in the Court's file, and such other written and oral arguments and evidence as may be presented to the Court. This Motion is also made following the telephonic conference of counsel for parties pursuant to Local Rule 7-3, which took place on December 16, 2022. (*See* Declaration of Eduardo Martorell ("Martorell Decl."), ¶¶ 2-5.)


Dated: December 23, 2022                    **MARTORELL LAW APC**


                                            By: /s/ Eduardo Martorell
                                            Eduardo Martorell
                                            Jordan M. Zim
                                            Attorneys for *Specially Appearing*
                                            Defendants PROPELR MUSIC, LLC;
                                            MARRIANI, INC.;ANTOINE REED p/k/a
                                            "Sir Michael Rocks"; and Defendant
                                            10Q LLC

*SPECIALLY APPEARING* DEFENDANTS PROPELR MUSIC, LLC, MARRIANI, INC. AND ANTOINE REED'S
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Jordan M. Zim, State Bar No. 332757
JZim@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Defendant 10Q LLC; and
*Specially Appearing* Defendants
PROPELR MUSIC, LLC; MARRIANI, INC.;
ANTOINE REED p/k/a "Sir Michael Rocks"

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR D. PENDLETON, an individual, | Case No. 2:22-cv-04806-RGK-PVC |
| Plaintiff, | Judge: Hon. R. Gary Klausner |
| v. | **DEFENDANT 10Q LLC's NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GIVEN PURSUANT TO FED R. CIV. P. 12(b)(6)** |
| 10Q LLC, a California Limited Liability Company; PROPELR MUSIC, LLC, an Illinois Limited Liability Company; MARRIANI, INC., an Illinois corporation; ANTOINE REED p/k/a "Sir Michael Rocks," an individual; and DOES 1 through 100, inclusive, | Filed concurrently herewith:<br>(1) Memorandum of Points & Authorities<br>(2) Declaration of Eduardo Martorell<br>(3) Declaration of Josh Kaplan<br>(4) Request for Judicial Notice<br>(5) [Proposed] Order |
| Defendants. | Hearing Date: January 23, 2023<br>Time: 9:00 a.m.<br><br>Action filed: July 13, 2022 |

*Vertical left margin:* MARTORELL LAW APC — Litigation & Trial Counsel

# NOTICE OF MOTION AND MOTION TO DISMISS
# PURSUANT TO RULE 12(b)(6)

Please take notice that on January 23, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of Honorable R. Gary Klausner, Courtroom 850 on the 8th Floor of the Roybal Federal Building and U.S. Courthouse, located at 255 East Temple Street., Los Angeles, CA 90012, Defendant 10Q LLC ("10Q") hereby requests this Court to dismiss the Complaint of Plaintiff Taylor D. Pendleton ("Plaintiff") against 10Q for failure to state a claim against it.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the declarations submitted therewith, all documents in the Court's file, and such other written and oral arguments and evidence as may be presented to the Court. This Motion is also made following the telephonic conference of counsel for parties pursuant to Local Rule 7-3, which took place on December 16, 2022. (*See* Declaration of Eduardo Martorell ("Martorell Decl."), ¶ 4.)


Dated: December 23, 2022        **MARTORELL LAW APC**



By: /s/ Eduardo Martorell
      Eduardo Martorell
      Jordan M. Zim
      Attorneys   for   *Specially   Appearing*
      Defendants   PROPELR   MUSIC,   LLC;
      MARRIANI, INC.;ANTOINE REED p/k/a
      "Sir Michael Rocks"; and Defendant
      10Q LLC

DEFENDANT 10Q LLC's
NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILUE TO STATE A CLAIM

MARTORELL LAW APC
Litigation & Trial Counsel

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | Date | January 20, 2023 |
|---|---|---|---|
| Title | ***Pendleton v. 10Q LLC et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [DE 44] |
|---|---|

## I.  INTRODUCTION

On October 13, 2022, Plaintiff filed an Amended Complaint alleging copyright infringement and unjust enrichment against 10Q LLC, Propelr Music, LLC, Marriani Records, and Antoine Reed.

On December 23, 2022, Defendants Propelr Music, LLC, Marriani, Inc., and Antoine Reed filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2). For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** the moving parties from the action.

## II.  FACTUAL BACKGROUND

Plaintiff Taylor D. Pendleton is a freelance artist. Defendant Antoine Reed ("Reed") is a musician and a citizen of Cook County, Illinois. Reed records, writes, and performs his music throughout California. Defendant Marriani Records ("Marianni") is an Illinois music/record label with its principal place in Illinois. Defendant Propelr Music, LLC ("Propelr") is an Illinois music/record label with its principal place of business in Illinois. Defendants Marianni and Propelr conducted business in California as a music/record label. Defendant 10Q LLC ("10Q") is a California music/record label that is owned and operated by Propelr and has its principal place of business in California.

On May 31, 2016, Plaintiff shared some of her artworks with Reed on social media, hoping that Reed would request to work with her in the future. On June 15, 2016, Reed contacted Plaintiff and indicated that he wanted Plaintiff to create the cover art for his upcoming mixtape. By the end of June 2016, Plaintiff had sent Reed several different drafts for the album cover.

On August 31, 2020, Plaintiff saw that Reed's album had been released on several music streaming platforms and that it included one of her designs. Soon thereafter, Plaintiff reached out to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04806-RGK-PVC | Date | January 20, 2023 |
|---|---|---|---|
| Title | ***Pendleton v. 10Q LLC et al*** | | |

Reed regarding the unauthorized use of her artwork. Reed indicated that he released the album in 2018 after it was leaked online earlier that year.

On December 14, 2020, Plaintiff contacted Marianni, Propelr, and 10Q (collectively, "the Label") to notify them of the unauthorized use of Plaintiff's artwork by them and Reed, their client. Plaintiff demanded that the Label, as the ones responsible for commercially distributing the album and displaying Plaintiff's artwork on its social media site, compensate Plaintiff for the unauthorized use of Plaintiff's artwork by them and Reed. Defendants denied Plaintiff's request for compensation.

### III.    JUDICIAL STANDARD

Pursuant to Rule 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that the exercise of personal jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). When the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). The Court may consider the plaintiff's pleadings and any affidavits. *Caruth v. Int'l Psychoanalytical Ass'n.*, 59 F.3d 126, 128 (9th Cir. 1995). Factual disputes are resolved in the plaintiff's favor. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1554 (9th Cir. 2006).

A party seeking to exert personal jurisdiction over a nonresident must satisfy the forum state's long-arm statute and comport with the requirements of due process. *Panavision Int'l, L.P. v. Toeppen*, 141 F. 3d 1316, 1320 (9th Cir. 1998). California's long-arm statute extends to the limits of the Constitution's due process clause. Cal. Civ. Proc. Code § 410.10. When evaluating personal jurisdiction, therefore, district courts in California need only ensure that the exercise of personal jurisdiction comports with federal due process. *See id.*

District courts may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts" with the forum state such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A district court "may exercise either general or specific personal jurisdiction over nonresident defendants." *Fed. Deposit Ins. Corp. v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

In general, dismissal for lack of personal jurisdiction is without prejudice because it is not a decision on the merits. *See Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985) (holding that the trial court erred in dismissing with prejudice plaintiff's complaint for lack of personal jurisdiction).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | |

## IV.  DISCUSSION

The Illinois Defendants contend that the Court should dismiss them from the action. The Illinois Defendants argue that the Court does not have personal jurisdiction over them because: (1) none of the Illinois Defendants are residents of California or have any affiliations that are so "continuous and systematic" as to render them "at home" in California; (2) none of the alleged misconduct by any of the Illinois Defendants are connected to California; (3) none of the alleged misconduct by any of the Illinois Defendants was aimed at California; and (4) the album's online presence is insufficient to render the Illinois Defendant's subject to the Court's personal jurisdiction.

Based on a review of the Complaint, Moving Parties' arguments, and applicable law, it appears that at least some, if not all, of the arguments listed above are valid challenges to all of Plaintiffs' claims. The Court need not delve into the merits of these arguments, however, as Plaintiff has failed to oppose the motion. Local Rule 7-12 states that the failure to timely file any required paper may be deemed consent to the granting or denying of the motion. As such, the Court deems Plaintiff's failure to file an opposition as consent to granting Moving Parties' motion. Moreover, as stated above, Plaintiff bears the burden of showing that the exercise of personal jurisdiction is proper, which she has failed to do.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss pursuant to Rule 12(b)(2).

**IT IS SO ORDERED.**

Initials of Preparer                        _____ : _____

                                            _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | | Date | January 20, 2023 |
|---|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants' Motion to Dismiss for Failure to State a Claim for Which Relief Can Be Given [DE 45]**

## I.   INTRODUCTION

On October 13, 2022, Plaintiff filed an Amended Complaint alleging copyright infringement and unjust enrichment against 10Q LLC, Propelr Music, LLC, Marriani Records, and Antoine Reed.

On December 23, 2022, Defendant 10Q LLC filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6). For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** Plaintiff's action.

## II.   FACTUAL BACKGROUND

Plaintiff Taylor D. Pendleton is a freelance artist. Defendant Antoine Reed ("Reed") is a musician and a citizen of Cook County, Illinois. Reed records, writes, and performs his music throughout California. Defendant Marriani Records ("Marianni") is an Illinois music/record label with its principal place in Illinois. Defendant Propelr Music, LLC ("Propelr") is an Illinois music/record label with its principal place of business in Illinois. Defendant 10Q LLC ("10Q") is a California music/record label that is owned and operated by Propelr and has its principal place of business in California. 10Q was formed on October 30, 2019.

On May 31, 2016, Plaintiff shared some of her artwork with Reed on social media, hoping that Reed would request to work with her in the future. On June 15, 2016, Reed contacted Plaintiff and indicated that he wanted Plaintiff to create the cover art for his upcoming mixtape, "Funds and Access." By the end of June 2016, Plaintiff had sent Reed several different drafts for the album cover.

On September 21, 2018, Reed's album "Funds and Access" was released on Spotify.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | | Date | January 20, 2023 |
|---|---|---|---|---|
| Title | ***Pendleton v. 10Q LLC et al*** | | | |

On August 31, 2020, Plaintiff saw that Reed's album had been released on several music streaming platforms and that it included one of her designs. Soon thereafter, Plaintiff reached out to Reed regarding the unauthorized use of her artwork. Reed indicated that he released the album in 2018 after it was leaked online earlier that year.

On December 14, 2020, Plaintiff contacted Marianni, Propelr, and 10Q (collectively, "the Label") to notify them of the unauthorized use of Plaintiff's artwork by them and Reed, their client. Plaintiff demanded that the Label, as the ones responsible for commercially distributing the album and displaying Plaintiff's artwork on its social media site, compensate Plaintiff for the unauthorized use of Plaintiff's artwork by them and Reed. Defendants denied Plaintiff's request for compensation.

## III.   JUDICIAL STANDARD

To survive a motion under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to permit a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee*, 250 F.3d at 688 (internal quotation marks omitted). "There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion. First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Id*. (internal quotation marks omitted). Second, under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record." *Id*. (internal quotation marks omitted).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | |

## IV.    DISCUSSION

10Q contends that the Court should dismiss the Complaint against it for failure to state a claim, as the alleged misconduct predates 10Q's existence and Plaintiff does not specify which defendant caused any particular harm or when they did so.

Based on a review of the Complaint, 10Q's arguments, and applicable law, it appears that at least some, if not all, of the arguments listed above are successful challenges to all of Plaintiff's claims. The Court need not delve into the merits of these arguments, however, as Plaintiff has failed to oppose the motion, Local Rule 7-12 states that the failure to timely file any required paper may be deemed consent to the granting or denying of the motion. As such, the Court deems Plaintiff's failure to file an opposition as consent to granting 10Q's motion.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** 10Q's Motion to Dismiss pursuant to Rule 12(b)(6).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer        _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | | Date | April 18, 2023 |
|---|---|---|---|---|
| Title | ***Pendleton v. 10Q LLC et al*** | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Re:<br>Motion for Extension of Time [59];<br>Motion for Reconsideration of This Court's January 20, 2023 Orders<br>[DE 60] |
|---|---|

## I.     <u>INTRODUCTION</u>

On October 13, 2022, Plaintiff Taylor D. Pendleton ("Plaintiff") filed an Amended Complaint against 10Q LLC ("10Q"), Propelr Music, LLC ("Propelr"), Marriani Records ("Marianni"), and Antoine Reed ("Reed") (collectively, "Defendants"), alleging copyright infringement, negligence, and unjust enrichment.

On December 23, 2022, 10Q filed a motion to dismiss the claims against it under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that the alleged misconduct predated its formation and that the Amended Complaint was impermissibly vague as to which defendant did what and when. (ECF No. 45.) On the same date, Propelr, Marianni, and Reed filed a motion to dismiss under Rule 12(b)(2), arguing that the Court lacked both general and specific jurisdiction over them. (ECF No. 44.) The Court granted Defendants' motions. In its order, the Court found that, while Defendants' arguments appeared to be valid challenges, the Court deemed Plaintiff's failure to oppose the motions as consent to granting the motions. (ECF Nos. 53, 54.)

On February 2, 2023, Plaintiff filed her first Motion for Extension of Time to File Motion for Reconsideration. On March 2, 2023, the Court granted Plaintiff's motion, permitting Plaintiff until March 7, 2023, to file a motion for reconsideration.

On March 7, 2023, Plaintiff filed a Second Motion for Extension of Time to File Motion for Reconsideration ("Motion for Extension of Time"), and on March 10, 2023, Plaintiff filed the instant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04806-RGK-PVC | Date | April 18, 2023 |
|----------|----------------------|------|----------------|
| Title | ***Pendleton v. 10Q LLC et al*** | | |

Motion for Reconsideration. For the following reasons, the Court **GRANTS** the Motion for Extension of Time and **DENIES** the Motion for Reconsideration.

## II. FACTUAL BACKGROUND

Plaintiff is a freelance artist. Reed is a musician and a citizen of Cook County, Illinois. Marriani is an Illinois music/record label with its principal place in Illinois. Propelr is an Illinois music/record label with its principal place of business in Illinois. 10Q is a California music/record label that is owned and operated by Propelr and has its principal place of business in California. 10Q was formed on October 30, 2019.

On May 31, 2016, Plaintiff shared some of her artworks with Reed on social media, hoping that Reed would request to work with her in the future. On June 15, 2016, Reed contacted Plaintiff and indicated that he wanted Plaintiff to create the cover art for his upcoming mixtape, "Funds and Access." By the end of June 2016, Plaintiff had sent Reed several different drafts for the album cover.

On September 21, 2018, Reed's album "Funds and Access" was released on Spotify.

On August 31, 2020, Plaintiff saw that Reed's album had been released on several music streaming platforms and that it included one of her designs. Soon thereafter, Plaintiff reached out to Reed regarding the unauthorized use of her artwork.

On December 14, 2020, Plaintiff contacted Marianni, Propelr, and 10Q (collectively, the "Label") to notify them of the unauthorized use of Plaintiff's artwork by them and Reed, their client. Plaintiff demanded that the Label, as the ones responsible for commercially distributing the album and displaying Plaintiff's artwork on its social media site, compensate Plaintiff for the unauthorized use of Plaintiff's artwork. Defendants denied Plaintiff's request for compensation.

## III. JUDICIAL STANDARD

### A. Motion for Extension of Time

"When an act may or must be done within a specified time, the court may for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

### B. Motion for Reconsideration

A court has discretion to reconsider a judgment or order pursuant to Rule 59(e) or 60(b). *Sch. Dist. No. 1J Mutnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Whether or not to

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | | Date | April 18, 2023 |
|---|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | | |

grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Further, Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

A court should grant a motion for reconsideration only in highly unusual circumstances. *C.W. v. Asuncion*, 2020 WL 4873565, at *1 (C.D. Cal. June 29, 2020) (quoting *Marlyn Neutraceuticals, Inc. v. Mucoas Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

## IV.   DISCUSSION

In her Motion for Extension of Time, Plaintiff requests that the Court grant a three-day extension for her Motion for Reconsideration. In her Motion for Reconsideration, Plaintiff requests that the Court reconsider its orders regarding dismissal, or in the alternative, grant Plaintiff leave to amend the Amended Complaint. The Court addresses each in turn.

### A.   Motion for Extension of Time

In its Motion for Extension of Time, Plaintiff argues that her failure to timely file the Motion for Reconsideration was due to good cause. Court records show that Plaintiff has already twice failed to comply with deadlines. After reviewing Plaintiff's most recent explanations, the Court is unconvinced that sufficient good cause exists. However, in its discretion, the Court will allow this second extension of time, with the admonishment that going forward, no such leniency will be further given. The Court **GRANTS** Plaintiff's Motion for Extension of Time and deems Plaintiff's Motion for Reconsideration timely filed. Accordingly, the Court addresses Plaintiff's Motion for Reconsideration.

### B.   Motion for Reconsideration

Plaintiff argues that the Court should reconsider its dismissal orders because the Court failed to consider the material facts in the Amended Complaint, which demonstrate that Plaintiff stated plausible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | | Date | April 18, 2023 |
|---|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | | |

claims against 10Q and that the Court could exercise jurisdiction over Defendants. Plaintiff's argument is flawed for two reasons. First, the Court already considered the facts presented in the Amended Complaint. (*See* Order Re: Defs.' Mot. to Dismiss for Lack of Personal Jurisdiction, ECF No. 53; Order Re: Defs.' Mot. to Dismiss for Failure to State a Claim, ECF No. 54.) None of those facts, on their own, were sufficient to withstand Defendants' challenges, particularly in light of Plaintiff's failure to oppose the motions. Therefore, Plaintiff's recitation of the facts from the Amended Complaint does not qualify as "a manifest showing of a failure to consider material facts." C.D. Cal. L.R. 7-18. Second, disagreeing with the Court's application of law to facts does not qualify as a "manifest showing of a failure to consider material facts." *See Flores v. Lynch*, 212 F. Supp. 3d 907, 911 (C.D. Cal. 2015), *rev'd in part on other grounds*, 828 F.3d 898 (9th Cir. 2016). Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.[1]

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Extension of Time [59] and **DENIES** the Motion for Reconsideration [60].

**IT IS SO ORDERED.**

Initials of Preparer                                    :

                                                                  JRE/vc

---

[1] The Court notes that Plaintiff seeks leave to amend as an alternative to reconsideration. However, her request was not fully briefed, and it is unclear whether Defendants received sufficient notice of it. Therefore, if Plaintiff seeks leave to amend, she must do so by way of a separate motion.

THE LAW OFFICES OF KRISTINA T. WILSON P.C.
Kristina T. Wilson, Esq.
Attorney for Plaintiff
645 W. 9th Street
Unit # 110-376
Los Angeles, California 90015
Telephone: (323) 537-7795
CA Bar No. 330475
Email:  Wilson@KTWilsonLaw.com
Secondary Email: KTWilsonLaw@gmail.com

THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
Attorney for Plaintiff
20 Island Ave
Suite 801
Miami, Florida 33139
Telephone: (305) 916-1122
CA Bar No. 310526
Email:  Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Plaintiffs, TAYLOR D. PENDLETON**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR D. PENDLETON, an individual, | Case No. 2:22-cv-04806-RGK-PVC |
| Plaintiff, | **PLAINTIFF'S NOTICE OF APPEAL** |
| v. | Judge: Hon. R. Gary Klausner |
| 10Q LLC, a California Limited Liability Company; PROPELR MUSIC, LLC, an Illinois Limited Liability Company; MARRIANI, INC., an Illinois corporation; ANTOINE REED p/k/a "Sir Michael Rocks," an individual; and DOES 1 through 100, inclusive | |
| Defendants. | |

1

NOTICE IS HEREBY GIVEN that Plaintiff in the above-captioned case, TAYLOR D. PENDLETON, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Order denying Plaintiff's ex parte application to propound jurisdictional discovery, which was entered by the Honorable R. Gary Klausner on January 12, 2023 **[DE 51]**; the Order granting the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, which was entered by the Honorable R. Gary Klausner on January 20, 2023 **[DE 53],** the Order granting the Defendant's Motion to Dismiss for Failure to State a Claim for which Relief Can be Given, which was entered by the Honorable R. Gary Klausner on January 20, 2023 **[DE 54]**, and the Order denying Plaintiff's Motion for Reconsideration of this Court's January 20, 2023 Orders [DE 53 and DE 54], which was entered by the Honorable R. Gary Klausner on April 18, 2023 **[DE 64]**.

Dated this 17ᵗʰ day of May 2023                    THE WILLIAMS LAW GROUP

Respectfully submitted,

                                           BY: /s/Andrew Williams
                                                Andrew Williams, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of May 2023, a copy of the foregoing **PLAINTIFF'S NOTICE OF APPEAL**, was served via the CM/ECF system on all parties and counsel of record.

Dated this 17th day of May 2023

Respectfully submitted,

THE WILLIAMS LAW GROUP

BY: /s/Andrew Williams
Andrew Williams, Esq.



Molly C. Dwyer
Clerk of Court

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

May 25, 2023

| No.: | 23-55468 |
|---|---|
| D.C. No.: | 2:22-cv-04806-RGK-PVC |
| Short Title: | Taylor Pendleton v. 10Q LLC, et al |

Dear Appellant/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Motions filed along with the notice of appeal in the district court are not automatically transferred to this court for filing. Any motions seeking relief from this court must be separately filed in this court's docket.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The due dates for filing the parties' briefs and otherwise perfecting the appeal have been set by the enclosed "Time Schedule Order," pursuant to applicable FRAP rules. These dates can be extended only by court order. Failure of the appellant to comply with the time schedule order will result in automatic dismissal of the appeal. 9th Cir. R. 42-1.**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

**FILED**

MAY 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
</td></tr>
</table>

TAYLOR D. PENDLETON, an
individual,

            Plaintiff - Appellant,

  v.

10Q LLC, a California Limited
Liability Company; PROPELR, INC.,
an Illinois corporation; MARRIANI
RECORDS, an Illinois corporation;
ANTOINE REED, an individual, FKA
Sir Michael Rocks; PROPELR
MUSIC, LLC, an Illinois Limited
Liability Company,

            Defendants - Appellees.

No. 23-55468

D.C. No. 2:22-cv-04806-RGK-PVC
U.S. District Court for Central
California, Los Angeles

**TIME SCHEDULE ORDER**

The parties shall meet the following time schedule.

**Thu., June 1, 2023**        Appellant's Mediation Questionnaire due. If your
registration for Appellate CM/ECF is confirmed after
this date, the Mediation Questionnaire is due within
one day of receiving the email from PACER
confirming your registration.

**Tue., July 25, 2023**        Appellant's opening brief and excerpts of record
shall be served and filed pursuant to FRAP 31 and
9th Cir. R. 31-2.1.

**Fri., August 25, 2023**     Appellee's answering brief and excerpts of record shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1.

**The optional appellant's reply brief shall be filed and served within 21 days of service of the appellee's brief, pursuant to FRAP 31 and 9th Cir. R. 31-2.1.**

**Failure of the appellant to comply with the Time Schedule Order will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.**

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAYLOR D. PENDLETON, an individual, | No.    23-55468 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-04806-RGK-PVC<br>Central District of California,<br>Los Angeles |
| v. | |
| 10Q LLC, a California Limited Liability<br>Company; et al., | ORDER |
| Defendants-Appellees. | |

Appellant did not file the opening brief by the due date. This case is therefore dismissed for failure to prosecute. *See* 9th Cir. R. 42-1.

This order, served on the district court, will become the mandate of the court in 21 days.

All pending motions are denied as moot.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

OSA167