THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Taylor D. Pendleton, | |
| Plaintiff, | Case No. 1:23-cv-04708 |
| v. | Dist. Judge Andrea R. Wood |
| 10Q LLC *et al.*, | Mag. Judge M. David Weisman |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PROPELR MUSIC, LLC, MARRIANI, INC., AND ANTOINE REED'S MOTION TO DISMISS PLAINTIFF TAYLOR PENDLETON'S COMPLAINT

Defendants Propelr Music, LLC ("Propelr"), Marriani, Inc. ("Marriani"), and Antoine Reed ("Reed" and, together with Propelr and Marriani, "Defendants"), by their counsel, respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff Taylor D. Pendleton's ("Pendleton" or "Plaintiff") complaint ("Complaint") [Dkt. 1], pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). All of Plaintiff's claims against Defendants are precluded by the doctrine of res judicata. Furthermore, Plaintiff's claim for copyright infringement should also be dismissed because Plaintiff has failed to plead that she owns a valid copyright in the allegedly infringed-upon work, while Plaintiff's state law claims against Defendants are preempted by the Copyright Act.[1]

---

[1] Defendants acknowledge that res judicata and preemption are often more appropriately addressed through motions under Federal Rule of Civil Procedure 12(c). Courts in the Seventh Circuit, however, have consistently allowed for both doctrines to be addressed on a motion to dismiss under Rule 12(b)(6). *Gann v. William Timblin Transit, Inc.*, 522 F. Supp. 2d 1021, 1026 (N.D. Ill. 2007) ("Technically, as a defense, claim preclusion cannot be raised until a motion for judgment on the pleadings under Rule 12(c). However, when a defendant raises [claim preclusion] as an affirmative defense and it is clear from the complaint's face and matters of which the district court can take judicial notice, that plaintiff's claims fail as a matter of law, then dismissal under Rule 12(b)(6) is appropriate.") (internal quotation marks and citations omitted) (brackets in original); *Carter v. Pallante*, 256 F. Supp. 3d 791, 802 (N.D. Ill. 2017) (LEE, J.) ("[T]he Seventh Circuit has affirmed dismissals under Rule 12(b)(6) on the basis of preemption . . . And, in any event, a Rule 12(b)(6) dismissal on the basis of an affirmative defense is proper when a complaint sets out everything necessary to establish the defense.").

## RELEVANT PROCEDURAL BACKGROUND

As Plaintiff has acknowledged in the Complaint, Plaintiff first filed suit against Defendants, as well as defendant 10Q LLC ("10Q") and a multitude of Doe defendants (collectively, "Doe Defendants" and, together with 10Q, "Other Defendants"), in the Central District of California on July 13, 2022. (Compl. ¶ 45.) Plaintiff's initial suit in California federal court was assigned the case number 2:22-cv-04806-RGK-PVC ("California Action"). (Compl. ¶ 46.) Plaintiff's claims against Defendants in the California Action included claims for copyright infringement and unjust enrichment – same as in the instant case. *See* California Action, Dkt. 1, at 9–13.[2] Defendants moved to dismiss the California Action for lack of personal jurisdiction. (Compl. ¶ 47); *see also* California Action, Dkt. 44. The 12(b)(2) motion was granted, and Plaintiff's motion for reconsideration was denied. *See* California Action, Dkt. 53, Dkt. 64.[3]

Before initiating this action, Plaintiff proceeded to file an appeal to the Ninth Circuit on May 17, 2023. *See* California Action, Dkt. 65. On March 15, 2024, the Ninth Circuit dismissed the appeal for failure to prosecute, given that Plaintiff did not file the opening brief by the due date. *See* California Action, Dkt. 67. The Ninth Circuit's dismissal became the mandate for the district court in the Central District of California 21 days after the appellate court's dismissal (*i.e.*, on April 5, 2024). *Id.*

---

[2] The complaint in the California Action seemingly mislabeled Count II as a "copyright infringement" claim against 10Q, Propelr, and Marriani, though a comparison of Count II with Count IV (*i.e.*, the unjust enrichment claim against Reed in the California Action) makes it clear that Count II was an unjust enrichment claim. The verbiage of Count II in the California Action also mirrors the language used for Count III in the Complaint in this case (*i.e.*, the unjust enrichment claim against 10Q, Propelr, and Marriani).

[3] In addition to granting Defendants' motion to dismiss for lack of personal jurisdiction, the court in the California Action also granted Defendant 10Q LLC's 12(b)(6) motion. *See* California Action, Dkt. 54. Plaintiff's attempts to have the court reconsider the dismissal were similarly denied. *See* California Action, Dkt. 64.

Meanwhile, rather than actually prosecuting Plaintiff's appeal at the Ninth Circuit, Plaintiff initiated the instant action in this District. The Complaint in this District included the same exact claims against Reed as the ones Plaintiff had asserted in the California Action. Against Propelr and Marriani (and 10Q), Plaintiff also added a negligence claim. Defendants now move to dismiss the Complaint for the reasons set forth in this Motion.[4]

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Under Rule 8, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, the plaintiff's factual allegations – as opposed to any legal conclusions – must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true all of the plaintiff's well-pleaded factual allegations and must view them – and all reasonable inferences – in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). The same standards apply to Rule 12(b)(6) motions as to Rule 12(c) motions. *Vinson v. Vermilion Cty., Ill.*, 776 F.3d 924, 928 (7th Cir.2015).

---

[4] Plaintiff had previously requested for default to be entered against Propelr and Marriani under Rule 55(a), which the Court granted. (*See* Dkt. 20, 23.) For the reasons set forth in their joint motion to vacate entry of default filed concurrently with this Motion, Propelr and Marriani also now seek to set aside the default. (*See* Dkt. 30.)

## ARGUMENT

I.    **ALL OF PENDLETON'S CLAIMS AGAINST THE DEFENDANTS ARE PRECLUDED BY THE DOCTRINE OF RES JUDICATA.**

"Res judicata, or claim preclusion, bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (internal quotation marks omitted). Pendleton has already admitted that she filed the California Action against the Defendants "based upon the same claims and causes of action in this Complaint." (Compl. ¶ 45.) There has now also been a final judgment on the merits in the California Action. As addressed below, all requirements for res judicata are met, and this case should be dismissed, same as the California Action.[5]

a.    **There Is an Identity Between the Causes of Action Asserted by Plaintiff in this Case and in the California Action.**

For purposes of res judicata, the requisite identity of causes of action exists when two lawsuits arise out of "a common core of operative facts." *Bell*, 827 F.3d at 706; *see also Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011) ("Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations.") (citation and internal quotation marks omitted). In copyright cases, this is satisfied when both of the claims are based on the unauthorized use of a particular work. *See Bell*, 827 F.3d at 706–07. A copyright plaintiff "cannot use a second lawsuit against [an alleged infringer] to take another bite at the apple." *Id*. at 707 (citing *Roboserve, Inc. v. Kato Kagaku Co.*, 121 F.3d 1027, 1035 (7th Cir. 1997)

---

[5] Even if Pendleton had not explicitly referenced the California Action in the Complaint, the filings and judicial decisions from the California Action would still be subject to judicial notice at the 12(b)(6) stage for purposes of assessing res judicata. *H.A.L. NY Holdings v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020) ("factual foundation for the res judicata defense can be found in the records of the first district court case, the contents of which are subject to judicial notice.").

("Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or lost.") (citation and internal quotation marks omitted)).

Pendleton essentially acknowledges in the Complaint that she first sued the Defendants in the California Action based on the same source of her alleged injury – the Defendants' alleged uses of the Artwork without Pendleton's authorization. (*See* Compl. ¶ 45.) Here, against Reed, she asserts the same copyright infringement and unjust enrichment claims. Against Propelr and Marriani, Pendleton asserts the same copyright infringement and unjust enrichment claims as in the California Action, but also adds a negligence claim, which is similarly based on an alleged failure to properly clear rights to the Artwork. (*See* Compl. ¶¶ 68–71.) The res judicata requirement that there be an identity between the claims in the two actions is satisfied.

**B. The Parties in This Case Are Identical to the Parties in the California Action.**

The second requirement is met if there is an identity of the parties or their privies. For purposes of res judicata, parties are considered "privies" of each other if they "adequately represent the same legal interests." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (*per curiam*) (citing Illinois state law cases). There is no question that the parties in this suit are the same as those in the California Action. *Compare* Compl. ¶¶ 4–8, *with* California Action, Dkt. 1, ¶¶ 4–8. Each of the Defendants (as well as the Other Defendants) were also defendants in the California Action.[6]

---

[6] The caption of the complaint in the California Action names "The Propelr, Inc., an Illinois corporation" rather than "Propelr Music, LLC, an Illinois Limited Liability Company" as stated in the Complaint. According to corporate records from the Illinois Secretary of State, there is no such Illinois entity called "The Propelr, Inc." Similarly, the caption of both complaints refer to "Marriani Records, an Illinois corporation." There is no such entity listed in the Illinois Secretary of State's records. The discussion in both complaints makes it clear that "The Propelr, Inc." really refers to Propelr, while "Marriani Records" really refers to Marriani. Even if these were not the exact same entities, they would certainly qualify as privies, given that they obviously represent the same legal interests. *See Parungao*, 858 F.3d at 457. Either way, Plaintiff seemingly acknowledges that the same defendants were sued in each of the actions. (*See* Compl. ¶ 45.)

### C. The California Action Was Dismissed After a Final Judgment on the Merits.

Since the filing of Pendleton's Complaint, the California Action has been dismissed on the merits. Specifically, while the initial dismissal of the California Action against Defendants was on jurisdictional grounds, Pendleton's appeal was subsequently dismissed for want of prosecution. *See* California Action, Dkt. 67. The Ninth Circuit's determination dismissing the appeal then became a mandate for the district court in the California Action on April 5, 2024. *See id*.

In the Ninth Circuit, a dismissal for failure to prosecute "operates as an adjudication upon the merits," unless the dismissal specifies otherwise. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (quoting FED. R. CIV. P. 41(b)). The same is true in the Seventh Circuit. *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 838 (7th Cir. 2015); *see also Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir.2006) (holding that dismissal under Rule 41(b) for failure to prosecute "amounts to a final judgment on the merits for res judicata purposes"). Because the California Action was dismissed for failure to prosecute without any additional statement that the dismissal somehow did not serve as a final judgment, the third requirement of res judicata is also satisfied. The entire case should be dismissed with prejudice based on res judicata.

## II. PENDLETON'S COPYRIGHT INFRINGEMENT CLAIMS SHOULD BE DISMISSED BECAUSE PENDLETON HAS FAILED TO ALLEGE THAT SHE OWNS A VALID COPYRIGHT IN THE ARTWORK.

To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340, 361 (1991). For pleading purposes, "[i]t is well settled that in order to state a claim of copyright infringement, a complaint need allege only ownership, registration, and infringement." *Symbria, Inc. v. Callen*, 20-cv-4084, at *1 (N.D. Ill. Jan. 6, 2022) (ROWLAND, J.) (quoting *Sweet v. City of Chicago*, 953 F.Supp. 225, 227 (N.D. Ill. 1996)). Defendants do not dispute at this stage that the Complaint contains sufficient allegations that

Defendants used some artwork without permission on the cover of Reed's mixtape ("Artwork"). Pendleton's Complaint is deficient, however, in at least two ways.

**First**, Pendleton does not allege that she registered the copyright to the Artwork. Pleading the existence of a copyright registration is crucial in light of the Supreme Court's determination that, subject to certain carve-outs inapplicable here, Section 411(a) of the Copyright Act requires for a registration to be approved and issued before a copyright owner can sue for infringement. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com*, 139 S. Ct. 881, 887 (2019) ("[A]lthough an owner's rights exist apart from registration, registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights.") (internal citation omitted). "If a complaint for copyright infringement fails to include an allegation that the plaintiff registered the copyright, then the complaint must be dismissed." *Morton v. Gaines*, 2:23-cv-00243-CDS-NJK, at *3 (D. Nev. Apr. 4, 2023). The Complaint contains no mention whatsoever of any act of application for registration. No reference is made to any copyright registration certificate number, and Pendleton does not attach any copyright registration certificate to the Complaint. For that reason alone, the Complaint must be dismissed.

**Second**, setting aside the question of the copyright registration, Pendleton has still not equipped the Court with sufficient information to deem Pendleton's copyright infringement claims to be plausible. In the Complaint, Pendleton does reference multiple times that she created the Artwork. (*See, e.g.*, Compl. ¶¶ 24, 28, 36, 75, 87 95.) She also once mentions (as part of the allegations in the negligence count) that she is the "owner of the Artwork." (Compl. ¶ 69.) Never once does she state, however, that she owns ***the copyright*** to the Artwork. This is a significant distinction, as owning a piece of art does not give the owner of that copy the exclusive rights of a copyright holder. *See Bryant v. Gordon*, 483 F. Supp. 2d 605, 613 (N.D. Ill. 2007) ("[T]he owner

of a particular copy of a copyrighted item [is not entitled] to publicly display copyrighted images to the world via the Internet."). Without any registration certificate incorporated into the Complaint, Pendleton cannot rely on a certificate as proof of valid ownership of the copyright to the Artwork. *See* 17 U.S.C. § 410(c).

It is <u>conceivable</u> that maybe the Artwork is protectable by copyright and that Pendleton owns a valid copyright in it, but that is not enough. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Pendleton has not done so here, and so the copyright infringement claims contained in the Complaint must be dismissed. *See id*.

### III. PENDLETON'S UNJUST ENRICHMENT AND NEGLIGENCE CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE PREEMPTED BY THE COPYRIGHT ACT.

In the California Action, Pendleton pleaded claims of unjust enrichment against all Defendants. When she filed this case, she again pleaded an unjust enrichment claim against all Defendants, but she also added a claim for negligence against 10Q, Propelr, and Marriani. Regardless of the added negligence claim, all asserted state law causes of action should be dismissed, as they are preempted by copyright laws.

Section 301(a) of the Copyright Act sets forth the circumstances under which the Copyright Act preempts state law claims. 17 U.S.C. § 301(a). As now-Seventh Circuit Judge John Z. Lee interpreted this provision:

> [F]or the Copyright Act to preempt a state law right, two conditions must be met: (1) the right must concern a work of authorship fixed in a tangible medium of expression that comes within the subject matter of copyright specified in § 102 and § 103, and (2) the right must be equivalent to any of the exclusive rights attaining to a copyright as listed in § 106.

*Carter v. Pallante*, 256 F. Supp. 3d 791, 802 (N.D. Ill. 2017) (LEE, J.).

Assuming that the Artwork is indeed subject to copyright protection – a position that Pendleton seemingly espouses given that the Complaint includes claims for copyright

8

infringement – the preemption analysis for all of Pendleton's state law claims would hinge on the second element. "A state law right is considered 'equivalent' under the second prong if it is 'infringed by the mere act of reproduction, performance, distribution or display.'" *Id*. (quoting *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 677 (7th Cir. 1986)). Just because a state law claim involves elements beyond those necessary to prove copyright infringement, preemption is still appropriate "if 'the additional elements do not differ in kind from those necessary for copyright infringement.'" *Carter*, 256 F. Supp. 3d at 803 (quoting *Baltimore Orioles*, 805 F.2d at 677 n.26).

### a. Plaintiff's Negligence Claim Against Propelr and Marriani (Count II) Is Preempted by the Copyright Act.

In Count II, Pendleton asserts a negligence claim against 10Q, Propelr, and Marriani. As now-Seventh Circuit Judge Amy St. Eve determined in a district-level opinion, a professional negligence claim may be subject to preemption by the Copyright Act. *UIRC-GSA Holdings Inc. v. William Blair & Co.*, No. 15-CV-9518, at *11–12 (N.D. Ill. Aug. 21, 2017) (ST. EVE, J.). In the context of negligence claims, specifically, preemption is appropriate when the plaintiff's allegations are, in effect, that "the defendant breached the duty of care it owed to the plaintiff by infringing on the plaintiff's intellectual property." *Id*. at 12 (citing *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, 713 F. Supp. 2d 215, 227–28 (S.D.N.Y. 2010)).

The rights granted to a copyright owner under the Copyright Act "include the right to reproduce the work, the right to prepare derivative works based on the work, the right to distribute copies of the work to the public, and the right to display the work publicly." *Marobie-FL, Inc. v. Nat'l Ass'n of Fire Equip. Distribs.*, 983 F. Supp. 1167, 1172 (N.D. Ill. 1997) (citing 17 U.S.C. §§ 106(1)–(3), (5)). Violation of the exclusive rights under Section 106 of the Copyright Act is the basis of copyright infringement. *See Marobie-FL, Inc.*, 983 F. Supp. at 1172. That is exactly what

Pendleton alleges happened here with respect to the Artwork. The fact that negligence claims require an additional element relating to mental state does not make negligence claims "qualitatively different" from copyright infringement claims. *UIRC-GSA*, No. 15-CV-9518, at *13 (collecting cases).

In Count II of the Complaint, Plaintiff alleges that Propelr and Marriani were negligent because they breached their duty of reasonable care to Pendleton by commercially releasing the Artwork without seeking permission from Pendleton, thereby depriving Pendleton of her right to "control, sell, market, and/or **distribute** the Artwork and/or any **derivative work** of/from the Artwork." (Compl. ¶¶ 69–70 (emphases added).) In other words, Pendleton is asserting that Marriani and Propelr breached their duty of care to Pendleton because they deprived Pendleton of her exclusive rights to the Artwork under Section 106 of the Copyright Act. Due to Plaintiff's allegation that the breach of duty of care stemmed from a violation of a copyright owner's exclusive rights, the negligence claim is not qualitatively different from the copyright infringement claim. This is further evidenced by the allegations in Count I, which allege that Marriani and Propelr infringed Pendleton's copyright by controlling, marketing, selling, and distributing the Artwork without her authorization. (Compl. ¶¶ 60, 62.) The negligence claim mirrors the basis for the infringement claim and is therefore preempted by the Copyright Act.

### b. Plaintiff's Unjust Enrichment Claim Against Propelr and Marriani (Count III) Is Preempted by the Copyright Act.

Count III of the Complaint is an unjust enrichment claim against 10Q, Propelr, and Marriani. In the absence of an agreement, a defendant's unauthorized use of creative works without payment of royalties or licensing fees "is precisely what is proscribed by the Copyright Act." *Carter*, 256 F. Supp. 3d at 804. Similarly, the loss of control over how a particular creative

work is distributed is not "qualitatively different" from the rights protected by copyright law. *Id*.

In Count III of the Complaint, Plaintiff alleges that Propelr and Marriani were unjustly enriched because they received money and financial gain due, in part, to the unauthorized use and distribution of the Artwork. (Compl. ¶¶ 76–78, 80.) They allegedly used the Artwork to promote Reed's album on social media and online. (Compl. ¶ 75.) These allegations effectively involve violation of reproduction, distribution, and display rights, which in turn constitutes copyright infringement. *See* 17 U.S.C. §§ 106(1), (3), (5); *Marobie-FL, Inc.,* 983 F. Supp. at 1172.

The alleged unjust enrichment does not qualitatively differ from the alleged deprivation of rights due to copyright infringement. Pendleton alleges she suffered the same deprivation in Count I for copyright infringement because Propelr and Marriani supposedly unjustly received money (*i.e.*, the benefit) from the infringing use of the Artwork. (Compl. ¶¶ 61, 63.) The effectively identical nature of these two claims supports preemption.

### c. Plaintiff's Unjust Enrichment Claim Against Reed (Count V) Is Preempted by the Copyright Act.

Count V of the Complaint is an unjust enrichment claim specifically against Reed. Same as with the unjust enrichment claim against Propelr and Marriani, Count V is based on the alleged unauthorized reproduction, display, and distribution of the Artwork. (*See* discussion *supra* Part III(b).) As with all of her state law claims, Plaintiff incorporates all of her prior allegations, including Count III, as part of Count V of the Complaint. (Compl. ¶ 90.) The only difference of note between Count V and Count III is that Reed, in addition to 10Q, Propelr, and Marriani, is alleged to have directly received the benefit conferred from the unauthorized use of the Artwork. (Compl. ¶¶ 92, 94.) This is not enough of a qualitative difference to avoid preemption of Count V.

For the same reasons as with Count III, the unjust enrichment claim against Reed is preempted by the Copyright Act and therefore should be dismissed.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court dismiss all of Plaintiff's claims against Defendants with prejudice.

Dated: June 28, 2024

Respectfully submitted,

**ZLATKIN CANN ENTERTAINMENT**

By: /s/ Ilya G. Zlatkin
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

**AJ FARAG LAW LLC**

By: /s/ Adam J. Farag
Adam J. Farag
AJ FARAG LAW LLC
1525 North Elston Avenue, Suite 200
Chicago, Illinois 60642
Tel: (815) 262-1486
adam@ajflaw.com

*Attorneys for Defendants Propelr Music, LLC, Marriani, Inc., and Antoine Reed*