UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO: 1:23-cv-04708

TAYLOR D. PENDLETON, an individual,

Plaintiff,

v.

10Q LLC, a California Limited Liability
Company PROPELR MUSIC, LLC, an Illinois
Limited Liability Company; MARRIANI
INC., an Illinois corporation; ANTOINE
REED p/k/a "Sir Michael Rocks," an individual;
and DOES 1 through 5, inclusive,

Defendants.

/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS PROPELR MUSIC, LLC AND MARRIANI, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

NOW COMES Plaintiff, TAYLOR D. PENDLETON, (the "Plaintiff" or "Ms. Pendleton"), by and through undersigned counsel, and hereby submits this Response [and Memorandum of Points] in Opposition to Defendants Propelr Music, LLC ("Propelr") and Marriani, Inc.'s ("Marriani") Motion to Set Aside Entry of Default (the "Motion to Set Aside" or "Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     THE MOTION TO SET ASIDE**

Propelr and Marriani filed the Motion to Set Aside on June 28, 2024. [DE 63]. The Motion to Set Aside is indicative of the classic proverb, "too little, too late." Propelr and Marriani purportedly premise the Motion to Set Aside on Rule 55(c), Federal Rules of Civil Procedure, and claim that in order for this Court to consider setting aside the default that was entered against them

1

they "'***must show***' (1) [that] good cause exists for the default; (2) [that they took] quick action to correct [the default]; and (3) [that they have] a meritorious defense to the complaint." *See* the Motion to Set Aside, pg. 3. However, despite acknowledging that there are three (3) elements that they "***must show***" in order for this Court to even consider setting aside the default that was properly entered against them, Propelr and Marriani only plead and argue two (2) of these elements in the Motion to Set Aside. *Id*. at pgs. 3-7.

Notwithstanding, the Plaintiff's contentions that Propelr and Marriani failed to sufficiently argue any of the three (3) elements, their failure to establish all three (3) elements is necessarily fatal to their requested relief as shall be discussed in greater depth below, and their Motion *must* be denied. Specifically, Propelr and Marriani failed to plead that they have any meritorious defenses. *Id*. at pgs. 6-7. Propelr and Marriani cite to the motion to dismiss (the "Motion to Dismiss") that they filed along with Defendant Antoine Reed ("Reed"), on or around June 28, 2023; however, Propelr and Marriani failed to realize that because they are/were in default, they lack standing and the ability to defend against this action. Therefore, while the Motion to Dismiss *may* be applicable to Reed, because Propelr and Marriani are without any standing to file it and bring the arguments that were raised in it on their behalf, the Motion to Dismiss must be stricken towards them and this Court cannot consider the arguments in it as the apply to Propelr and Marriani. In turn, Propelr and Marriani have waived any arguments concerning the third required element: "[that they have] a meritorious defense to the complaint," and the Motion to Set Aside should be dismissed on these grounds alone. *Id*. at pgs. 3-7.

II. <u>STATEMENT OF FACTS</u>

On or around July 13, 2022, Plaintiff commenced a claim for copyright infringement and unjust enrichment in the United States District Court for the Central District of California (Case #:

2:22-cv-04806-RGK-PVC, the "California Action"). The California Action involved the same parties as this action. *See* Declaration of Andrew Williams, Esq, ¶ 5. In the California Action, counsel for the Defendants, Adam Farag ("Farag"), in an email that included Josh Kaplan ("Kaplan"), agreed to "accept service," on behalf of Propelr, Marriani, and Reed on October 4, 2022. *Id.*; *See also* Exhibit "**A**"; Exhibit "**B**". On or around October 13, 2022, an Amended Complaint was filed in the California Action, and Farag was served with the Amended Complaint on November 2, 2022, ¶ 9. *See* Declaration of Andrew Williams, Esq.; *see also* Exhibit "**C**".

Eventually, Propelr and Marriani moved to dismiss the California Action based upon personal jurisdiction, in which they claimed that Propelr and Marriani lacked sufficient contacts with the State of California, and the City of Los Angeles, and that the Defendants were citizens of the State of Illinois, and thus this Court was the proper venue for litigation. *See* Declaration of Andrew Williams, Esq, ¶¶ 12-13. The Trial Court in the California Action ultimately granted their motion on the jurisdictional grounds, and the California Action was dismissed. *Id.* at ¶ 14.

Because the Plaintiff believed that the Trial Court in the California Action erred by dismissing the California Action rather than transferring it to this Court, the Plaintiff filed an appeal to the Ninth Circuit Court of Appeals (the "Ninth Circuit"). *Id.* at ¶¶ 15-16. Pursuant to the policies and procedures of the Ninth Circuit, the parties and their counsel engaged in several substantive discussions with a "case mediator" to discuss the issues of the appeal and resolving the merits of the California Action. *Id.* at ¶ 17. As these conversations were not fruitful, counsel for the Plaintiff expressly advised counsel for Propelr and Marriani, Eduardo Martorell ("Martorell") and Jordan Zim ("Zim"), as well as the Ninth Circuit mediator, Sasha Cummings ("Cummings") of the Plaintiff's intent to file an action in this Court. *Id.* at ¶¶ 17-18. In fact, the filing of this action was discussed on multiple occasions with Martorell, Zim and/or Cummings, as the resolution of this

matter through the Ninth Circuit's "mediation" would have eliminated the need and basis for the filing of this matter in this Court. *Id*. at ¶¶ 19-20.

Eventually, the Plaintiff abandoned her appeal in the Ninth Circuit, and on July 20, 2023, the Plaintiff filed an action in this Court, which was based upon Copyright Infringement, Negligence, and Unjust Enrichment (the "Complaint"). [DE 1]. On July 27, 2023, the Plaintiff retained the services of a process serving company known as Chicagoland Process Services, Inc. ("Chicagoland") to effectuate service on Propelr, Marriani, and Reed at the office of Kaplan, the registered agent for Propelr and Marriani, that was located at 1525 N Elston Ave, Suite 200, Chicago, IL 60642 (the "Agent's Address"). *See* Declaration of Kristina Wilson, Esq., ¶ 4. It should be noted that the Agent's Address also doubles as the address for the law office of Troglia & Kaplan, of which Kaplan is the name partner and the only affiliated "Kaplan" with the law firm. *See* Declaration of Kristina Wilson, Esq., ¶ 5; *See also* Exhibit "**D**"; Exhibit "**E**".

As of August 3, 2023, Chicagoland had attempted service on Propelr and Marriani at the Agent's Address, and it advised that the Agent's Address was "Troglia & Kaplan." *See* Exhibit "**F**". Pursuant to the Illinois Secretary of State's official website ilsos.gov ("ILSOS"), Reed is the President and the Director of Marriani and Kaplan is listed as the Registered Agent of Marriani. *See* Exhibit "**G**". Kaplan is also the Registered Agent for Propelr, which also uses the same address as Marriani (the Agent's Address). *See* Exhibit "**H**". Additional attempts were made to serve Propelr and Marriani at the Agent's Address in September 2023, and in October 2023, to no avail. *See* Exhibit "**I**".

On or around September 22, 2023, Defendant 10Q, LLC ("10Q") was served with a copy of the summons and the Complaint. [DE 11]. Pursuant to Rule 12(a)(1)(A)(i), Federal Rules of Civil Procedure, 10Q had 21 days after being served, or up to and until October 16, 2023, to

4

respond, answer or otherwise appear in this action. On October 3, 2023, Plaintiff orally moved this Court to extend the time that she had to serve Propelr, Marriani and Reed. [DE 10]. After 10Q failed to answer, respond, or otherwise appear in this action by October 16, 2023, Ms. Pendleton provided 10Q with a four-week grace period before moving for the entry of default. *See* Declaration of Kristina Wilson, Esq., ¶ 8.

On November 13, 2023, the Plaintiff served both Propelr and Marriani at the Agent's Address by serving a copy of the summons and the Complaint on Brian Troglia, Kaplan's partner at Troglia & Kaplan, a licensed attorney in the State of Illinois, and the person "in charge at the [Agent's Address]," which again, doubles as the law offices of Troglia & Kaplan. *See* Exhibit "**E**"; Exhibit "**J**"; Exhibit "**K**". Furthermore, the Certificate of Non-Service on Reed indicates that the Plaintiff made five attempts to access the Agent's Address and to serve Kaplan between October 30, 2023, and November 13, 2023, but there was "no answer," nor access on three of the five attempts. *See* Exhibit "**L**".

On November 20, 2023, the Plaintiff filed a request for entry of default pursuant to Federal Rule of Civil Procedure 55(a). [DE 16]. On December 21, 2023, the Clerk of this Court entered default against 10Q. [DE 18]. As of the date of the filing of this motion, 10Q remains in default, and it has yet to appear in this action. Pursuant to the Federal Rules of Civil Procedure, Propelr and Marriani had up to and until December 4, 2023, to respond, answer or otherwise appear in this action. After Propelr and Marriani failed to answer, respond, or otherwise appear in this action by December 4, 2023, the Plaintiff provided each of these Defendants with a four-week grace period before she ultimately filed a request for entry of default against Propelr and Marriani on January 2, 2024, pursuant to Federal Rule of Civil Procedure 55(a). [DE 20]. On April 3, 2024, this Court entered default against Propelr and Marriani. [DE 23].

Propelr and Marriani filed the instant Motion on June 28, 2024, along with the Motion to Dismiss, which they lacked standing to file. [DE 30, 31]. The Plaintiff has filed this response pursuant to this Court's July 29, 2024 Order. [DE 36].

### III. **LEGAL STANDARD**

According to the Seventh Circuit Court of Appeals (the "Seventh Circuit") and Rule 55(c), Federal Rules of Civil Procedure, "[the Rule] states: '[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." See Fed. R. Civ. P. 55(c); *see also* Cracco *v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). "A party seeking to vacate an entry of default prior to the entry of final judgment **must show**: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco*, 559 F.3d 625, 630 (7th Cir. 2009) (emphasis added).

"The defaulting party must show good cause for its default or the default order will not be vacated," *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). "The second factor relevant to a Rule 55(c) determination, [is] the 'quickness' with which [the defaulted party] has sought to set aside the default." *Allen Russell Pub., Inc. v. Levy*, 109 F.R.D. 315, 319 (N.D. Ill. 1985). Finally, the Seventh Circuit has held that "a meritorious defense requires more than a 'general denial' and 'bare legal conclusions.'" *Pretzel & Stouffer, Chartered*, 28 F.3d 42, 46 (7th Cir. 1994). Furthermore, "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true," and "[g]enerally, when default is entered, the defaulting party loses standing to contest the truth of the facts alleged in the complaint." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see also In re Jarosz*, 322 B.R. 662, 670 (Bankr. E.D. Wis. 2005).

IV. **ARGUMENT**

A. **Good Cause Has Not Been Established by Propelr and Marriani**

Contrary to the claims made by Propelr and Marriani, neither Propelr nor Marriani established that "good cause" exists to set aside the entry of default. As stated above, according to the Seventh Circuit, "[t]he defaulting party **must show** good cause for its default or the default order will not be vacated," *Pretzel & Stouffer, Chartered*, 28 F.3d 42, 45 (7th Cir. 1994). Rather than seek the mercy of this Court and take responsibility and/or accountability for the default that was entered against them, Propelr and Marriani, attempt to blame the California Action and counsel for the Plaintiff for the entry of default since Plaintiff's counsel purportedly did not contact their counsel in the California Action regarding the initiation and filing of the Complaint. *See* the Motion to Set Aside, pg. 5.

Not only is this assertion factually inaccurate, as counsel for the Plaintiff in the California Action expressly advised Propelr and Marriani's counsel of the Plaintiff's intent to file this action, but counsel for Propelr and Marriani also expressly advised Plaintiff that they lacked authority to accept service on behalf of Propelr and/or Marriani. *See* Declaration of Andrew Williams, Esq., ¶¶ 19-22; *see also* Declaration of Kristina Wilson, Esq., ¶¶ 15-16, 18-19. Despite the fact that Propelr, Marriani, and Reed had counsel accept service on their behalf *in* the California Action, their refusal to permit their counsel in the California Action to accept service of this action on their behalf was expressly calculated and intended to make the service of the Complaint in this action difficult for the Plaintiff, which the docket proves that service was an arduous process on Propelr, Marriani and Reed. [DE 10, 17, 18, 21, 23, 25, 26].

Furthermore, and more importantly, Propelr and Marriani's feigned "confusion," that they imply was caused by the California Action does not explain **how/why** Troglia, who is/was the

7

partner of Kaplan's law firm, Troglia & Kaplan, which bears Kapan's name sake, and who is an admitted attorney in good standing, failed to communicate to Kaplan, his partner/former partner and of counsel to his law firm, which shares Propelr and Marriani's address that he was served with a copy of the summons and the Complaint in this action. In fact, such an assertion is not only **high uncredible**; it is also beyond doubtful. *See* Exhibits "**D, E, F, G, H, J, K**".

This purported good cause also does not explain **how/why**, Propelr and Marriani advised Martorell *not* to accept service on their behalf. *See* Declaration of Andrew Williams, Esq., ¶ 21; *see also* Declaration of Kristina Wilson, Esq., ¶¶ 18-19. Had Propelr and Marriani authorized such service as they did in the California Action, then their counsel in the California Action would have been served with the Complaint. *Id.* Because they did not authorize such service, the Plaintiff had no obligation to inform Martorell and/or Zim of anything related to this action, but they still advised Martorell nonetheless that it was Plaintiff's intent to file this action. *See* Declaration of Kristina Wilson, Esq., ¶ 15.

With that being said, Propelr and Marriani have failed to establish the first element required to be shown for this Court to set aside the entry of default, and that is that good cause exists. As a result, the Motion to Set Aside must be denied on this ground.

      **B.**      **The Actions of Propelr and Marriani Were Not Quick**

It is without dispute that Propelr and Marriani were served with the Complaint at the Agent's Address through Kaplan's law firm and law firm partner, Troglia of Troglia & Kaplan on November 13, 2023. [DE 20]. As stated in the Motion for Entry of Default and this response, and pursuant to the Federal Rules of Civil Procedure, Propelr and Marriani had up to and until December 4, 2023, to respond, answer or otherwise appear in this action. [DE 13, 14, 20].

Despite the failure of Propelr and Marriani to answer, respond, or otherwise appear in this action by December 4, 2023, the Plaintiff provided each of them with a four-week grace period before ultimately filing a request for entry of default pursuant to Federal Rule of Civil Procedure 55(a) on January 2, 2024, [DE 20]. This Court then entered default against Propelr and Marriani on April 3, 2024. [DE 23]. Propelr and Marriani then finally appeared in this action nearly three (3) months later on June 28, 2023, or roughly 7.5 months after they were first served with the summons and the Complaint in this action. [DE 13, 14, 30].

"When there has been **good cause for delay**, **and** there has been **no prejudice to the other party**, the Seventh Circuit has upheld a ten-week delay as sufficiently quick to warrant vacating a default judgment." *Allen Russell Pub., Inc.*, 109 F.R.D. 315, 319 (N.D. Ill. 1985) (citing *Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792 (7th Cir. 1980)) (emphasis added). In *Allen Russell Pub., Inc.*, ("Allen") which was premised on Rule 55(c), the Court found that a nine (9) week delay was sufficiently quick, however, the Court in *Allen* also found that **good cause** was established by the defaulted party and that good cause existed. *Id*.

Here, the period since default was entered was over twelve (12) weeks, and the period since service was effectuated was even longer. *See* Declaration of Kristina Wilson, Esq., ¶ 10. It is without dispute that twelve weeks is longer than nine (9) or ten (10) weeks. *See Allen Russell Pub., Inc.*, 109 F.R.D. 315, 319 (N.D. Ill. 1985). In addition, as established above, good cause **does not** exist, and it was not established by Propelr and/or Marriani in the Motion. Furthermore, neither Propler nor Marriani have explained **why/how** default occurred when there were multiple attorneys in good standing involved, served, and/or aware of the filing of the Complaint as acknowledged by Kaplan and Troglia. *See* [DE 30-2, 30-3].

9

Given the totality of the circumstances, the fact that Kaplan and Troglia are sophisticated individuals as lawyers that are in good standing and thus they are not lay persons, they should be held to an even higher standard and thus the failure of Propelr and Marriani to act after twelve (12) weeks, should not be considered quick even if this Court somehow found that good cause did exist.

### C. No Meritorious Defenses Were Plead

The final element that Propelr and Marriani must show is that they have "a meritorious defense to the [C]omplaint." *Cracco*, 559 F.3d 625, 630 (7th Cir. 2009) (emphasis added). However, rather than raise any actual legal arguments to establish and show that they have meritorious defenses to the Complaint, Propel and Marriani simply acknowledge that they filed the Motion to Dismiss. *See* the Motion to Set Aside, pgs. 6-7 ("[Propelr and Marriani] have asserted multiple reasons [in the Motion to Dismiss] for why the Complaint must be dismissed, including res judicata, failure to state copyright infringement claims, and preemption of Plaintiff's asserted state law claims"). Propelr and Marriani; however, do not argue those specific reasons in the Motion and thus their reasoning is flawed on multiple grounds as their meritorious defenses are absent from the Motion.

First, as stated above, the Seventh Circuit has held that "a meritorious defense requires more than a 'general denial' and 'bare legal conclusions.'" *Pretzel & Stouffer, Chartered*, 28 F.3d 42, 46 (7th Cir. 1994). Propler and Marriani fail to actually establish or apply any of their purported theories behind their meritorious defenses to the Complaint in the Motion, and thus their claims in the Motion to Set Aside, the only operative pleading filed by Propler and Marriani, amount to nothing more than "bare legal conclusions." Propelr and Marriani do not offer any support, nor citations to the Complaint to establish which counts/causes of action they are referring to and why/how their defenses are meritorious. *See* the Motion to Set Aside, pgs. 6-7.

In addition, as also discussed above "when default is entered, the defaulting party loses standing to contest the truth of the facts alleged in the complaint," and "the well-pleaded allegations of a complaint relating to liability are taken as true." *See In re Jarosz*, 322 B.R. 662, 670 (Bankr. E.D. Wis. 2005); *see also Dundee Cement Co.*, 722 F.2d 1319, 1323 (7th Cir. 1983). This means that while Propelr and Marriani are in default, the Motion to Dismiss, as it pertains to them is of no consequence and it is effectively null and void. Unless, and until the default is set aside, the Motion to Dismiss must be stricken as to Propelr and Marriani.

Simply, because Propelr and Marriani allude to and reference the Motion to Dismiss, which as stated above, they did not have standing to file and this Court may not consider, their failure to assert and/or argue the grounds of any actual meritorious defenses, which "require[] more than a 'general denial' and 'bare legal conclusions,'" is fatal to their Motion to Set Aside. The Motion to Set Aside therefore must be denied on these grounds as well.

### -CONCLUSION-

Based upon the foregoing points, authorities, and statutes, the Plaintiff respectfully requests that this Court enter an order denying the Motion to Set Aside, and that strikes the Motion to Dismiss as it pertains to Propelr and Marriani for lack of standing. In addition, the Plaintiff requests that this Court hold a prove up hearing for default judgment as to Propelr and Marriani within thirty (30) days of the entry of its order denying the Motion to Set Aside.

//

//

//

//

//

**WHEREFORE,** the Plaintiff respectfully requests that this Court enter an order denying the Motion to Set Aside; striking the Motion to Dismiss as to Propelr and Marriani for lack of standing; and that sets a hearing for the Plaintiff to prove up her damages for Default Judgment within thirty (30) days from the date of the entry of this Court's order denying the Motion to Set Aside.

Dated this 12th day of August 2024.

Respectfully submitted,

THE LAW OFFICES OF KRISTINA T. WILSON P.C

s/Kristina T. Wilson
Kristina T. Wilson, Esq.
*Attorney for Plaintiff,* Taylor D. Pendleton
645 W. 9th Street, Unit # 110-376
Los Angeles, California 90015
Telephone: (323) 537-7795
CA Bar No. 330475
Email: Wilson@KTWilsonLaw.com
Secondary Email: KTWilsonLaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served on all parties or counsel of record through the CM/ECF efiling portal of this Court this 12th day of August 2024.

Dated: August 12, 2024                                                s/Kristina T. Wilson