THE LAW OFFICES OF KRISTINA T. WILSON P.C
Kristina T. Wilson, Esq.
Attorney for Plaintiff
645 W. 9th Street
Unit # 110-376
Los Angeles, California 90015
Telephone: (323) 537-7795
CA Bar No. 330475
Email: Wilson@KTWilsonLaw.com
Secondary Email: KTWilsonLaw@gmail.com

**Attorney for Plaintiffs, TAYLOR D. PENDLETON**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAYLOR D. PENDLETON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>10Q LLC, a California Limited Liability Company PROPELR MUSIC, LLC, an Illinois Limited Liability Company; MARRIANI INC, an Illinois corporation; ANTOINE REED p/k/a "Sir Michael Rocks," an individual; and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.: 1:23-cv-04708<br><br>**DECLARATION OF KRISTINA T WILSON, ESQ. IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS PROPELR MUSIC, LLC AND MARRIANI, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

    I, KRISTINA T. WILSON, the undersigned affiant, state the following under oath:

1. I am over the age of eighteen (18) and I am capable of making this declaration.

2. I am one of the attorneys of record for the Plaintiff in the above-captioned matter.

DECLARATION OF KRISTINA T. WILSON, ESQ. - 1

3. I am fully familiar with the facts set forth herein, and if called upon as a witness, could testify competently thereto.

4. On July 27, 2023, the Plaintiff retained the services of a process serving company known as Chicagoland Process Services, Inc. ("Chicagoland") to effectuate service of the Complaint in this action on Propelr, Marriani, and Reed at the office of Josh Kaplan ("Kaplan"), the registered agent for Propelr and Marriani, that was located at 1525 N Elston Ave, Suite 200, Chicago, IL 60642 ("Kaplan's Address").

5. It should be noted that Kaplan's Address also doubles as the address for his law office, the law offices of Troglia & Kaplan, of which Kaplan is a name partner and the only affiliated "Kaplan" with the firm. *See* Declaration of Kristina Wilson, Esq.

6. The screenshots from the website of Troglia & Kaplan that are referenced as Exhibit "D" and Exhibit in the Plaintiff's response are screenshots that were taken from the Troglia & Kaplan website on August 12, 2024, and therefore they are recent and accurate.

7. Eventually, Defendant 10Q, LLC ("10Q") was served with the summons and the Complaint in this action on or around September 22, 2023, which meant that 10Q had up to and including October 16, 2023, to answer, respond or otherwise appear in this action.

8. 10Q failed to appear by October 16, 2023, but I advised Plaintiff we would give it a "grace period," of roughly four (4) weeks before seeking an entry of default.

9. A similar "grace period," was also provided to Propelr and Marriani, who also failed to answer, respond, or otherwise appear after being served.

10. Ultimately, default was sought against Propelr and Marriani on January 2, 2024, and it was entered on April 3, 2024, over twelve (12) weeks before Propelr and Marriani ever appeared in this action.

DECLARATION OF KRISTINA T. WILSON, ESQ. - 2

11. It should be further noted that I also served as counsel for Plaintiff in a case before the United States District Court for the Central District of California (Case #: 2:22-cv-04806-RGK-PVC, the "California Action").

12. The California Action was dismissed on jurisdictional grounds, and eventually it was appealed to the Ninth Circuit Court of Appeals.

13. While pending in the Ninth Circuit, the parties utilized the Court's "mediation" system, which while not a formal mediation, it was a series or processes to get the parties' to resolve their dispute.

14. Propelr and Marriani were represented by Eduardo Martorell, Esq. ("Martorell") and Jordan Zim, Esq. ("Zim") in the California Action.

15. During the pendency of the appeal before the Ninth Circuit, my co-counsel in the California Action, Andrew Williams, Esq. ("Williams") and I explicitly advised Martorell and Zim of Plaintiff's intent to file this action.

16. In fact, we advised that if we could resolve the California Action then there would be no need for Plaintiff to file this action as any resolution that we deemed reasonable would need to bring finality to all of Plaintiff's claims.

17. As this Court can see, our efforts to resolve the Plaintiff's claims were unsuccessful and ultimately, this action was commenced.

18. In addition, before the California Action was removed from the Ninth's Circuit's mediation program, Williams and I asked counsel for Propelr and Marriani, if they had authority, or would have authority to accept service of this action on behalf of Propelr and Marriani.

19. We were informed that no such authority would be provided and that the Plaintiff would need to make her own arrangements to serve Propelr and Marriani, which the Plaintiff did, otherwise Plaintiff would have served Martorell and/or Zim.

DECLARATION OF KRISTINA T. WILSON, ESQ. - 3

20. It is completely disingenuous for Propler and Marriani to *now* claim that the Plaintiff owed them so duty to inform their counsel in the California Action when they expressly directed their counsel in the California Action not to accept service, which has cost the Plaintiff thousands of dollars and was extremely difficult to effectuate on all of the Defendants in this action.

21. While I am of course unaware of any conversation that Propelr and Marriani had with their counsel in the California Action, what I do know is that in order for their counsel to decline our offer that they accept service, it means that the opportunity to be served via their counsel in the California Action was presented, or **should have been** presented to both Propelr and Marriani, as well as Defendant Antoine Reed ("Reed").

22. Lastly, I attest to the accuracy of each Exhibit that was attached to the Plaintiff's Response in Opposition to the Motion to Set Aside (Exhibits A-L).

23. I have reviewed each Exhibit and either have personal knowledge of it, or it was provided to me by Williams, who is also an attorney in good standing, has practiced before this Court, and similarly attests to the accuracy of such under penalty of perjury.

Under penalty of perjury under the laws of the State of Illinois, I declare that I have read the foregoing Declaration and that the facts stated in it are true and correct to the best of my knowledge and that this declaration was executed this 12th day of August 2024 in Los Angeles County, California.

_____
Kristina T. Wilson, Esq.
*CA Bar #: 330475*

DECLARATION OF KRISTINA T. WILSON, ESQ. - 4