THE LAW OFFICES OF KRISTINA T. WILSON P.C
Kristina T. Wilson, Esq.
Attorney for Plaintiff
645 W. 9th Street
Unit # 110-376
Los Angeles, California 90015
Telephone: (323) 537-7795
CA Bar No. 330475
Email: Wilson@KTWilsonLaw.com
Secondary Email: KTWilsonLaw@gmail.com

**Attorney for Plaintiffs, TAYLOR D. PENDLETON**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAYLOR D. PENDLETON, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> 10Q LLC, a California Limited Liability Company PROPELR MUSIC, LLC, an Illinois Limited Liability Company; MARRIANI INC, an Illinois corporation; ANTOINE REED p/k/a "Sir Michael Rocks," an individual; and DOES 1 through 5, inclusive, <br><br> Defendants. | Case No.: 1:23-cv-04708 <br><br> **DECLARATION OF ANDREW WILLIAMS, ESQ. IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS PROPELR MUSIC, LLC AND MARRIANI, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

    I, ANDREW WILLIAMS, the undersigned affiant, state the following under oath:

1. I am over the age of eighteen (18) and I am capable of making this declaration.

2. I was one of the attorneys of record for the Plaintiff in a case before the United States District

DECLARATION OF ANDREW WILLIAMS, ESQ. - 1

Court for the Central District of California (Case #: 2:22-cv-04806-RGK-PVC, the "California Action").

3. I am fully familiar with the facts set forth herein, and if called upon as a witness, could testify competently thereto.

4. I have also previously appeared before this Court *pro hac vice* in an unrelated matter and I am well versed in the rules and procedures of this Court and the Dirksen United States Courthouse.

5. I was lead counsel in the California Action, which involved the same parties as this action.

6. In the California Action, counsel for Defendants Propelr Music, LLC ("Propelr"); Marriani, Inc ("Marriani"), and Antoine Reed ("Reed"), Adam Farag, Esq. ("Farag") and I communicated via email and Farag expressly stated that he would accept service on behalf of Propelr, Marriani and Reed.

7. It should be noted that Josh Kaplan, the agent for Propelr and Marriani was copied on this email exchange with Farag, along with my co-counsel in the California Action, Kristina T. Wilson, Esq. ("Wilson") who is counsel of record in this case.

8. A true and correct copy of this email was attached to the Plaintiff's Response in Opposition to the Motion to Set Aside as Exhibit "**A**".

9. I later filed an Amended Complaint in the California Action on or around October 13, 2022, which was served on Farag on November 4, 2022.

10. Copied on that service email were Farag, Kaplan and Wilson.

11. A true and correct copy of this email was attached to the Plaintiff's Response in Opposition to the Motion to Set Aside as Exhibit "**C**".

12. After being served Propelr, Marriani and Reed moved for dismissal of the California Action based upon personal jurisdiction.

DECLARATION OF ANDREW WILLIAMS, ESQ. - 2

13. In fact, in their motion seeking dismissal they claim that they were citizens of the State of Illinois and conceded that this Court was the proper forum/venue for Plaintiff to bring her claims based upon their purported lack of contacts with the State of California and the City of Los Angeles.

14. Ultimately, the trial court in the California Action granted their motion to dismiss on the jurisdictional grounds, and it was dismissed.

15. It was my thought that the trial court more erred by dismissing the Amended Complaint and it should have transferred the California Action to this Court rather than dismissing it.

16. Wilson and I therefore filed an appeal on behalf of the Plaintiff in the Ninth Circuit Court of Appeals.

17. Pursuant to the rules and procedures of the Ninth Circuit, the parties were afforded a "case mediator," Sasha Cummings ("Cummings"), who attempted to help the parties resolve the California Action and their dispute.

18. During the pendency of the California Action, Propelr, Marriani and Reed were represented by Eduardo Martorell, Esq. ("Martorell") and Jordan Zim, Esq. ("Zim").

19. As lead counsel, I distinctly remember engaging in conversations with counsel for Propelr, Marriani and Reed in the California Action while the appeal was pending in the Ninth Circuit, and advising them that any resolution should factor in the fact that the Plaintiff was seeking to resolve her claims in full, and that Plaintiff would be filing an action in this Court if the parties could not resolve the California Action.

20. This was actually discussed with counsel for Propelr and Marriani on multiple occasions, including at least once in front of Cummings.

DECLARATION OF ANDREW WILLIAMS, ESQ. - 3

21. Wilson and I were advised by counsel for Propelr, Marriani and Reed, Martorell and/or Zim, that the Plaintiff would need to make her own arrangements for service as they were not authorized to accept service on behalf of Propelr, Marriani and/or Reed.

22. I of course, do not know if counsel for Propelr, Marriani and Reed actually told their clients about our offer/request on behalf of Plaintiff, but given their ethical duties under the State Bar of California, I can only presume that such communications occurred and counsel for the defendants was instructed by the members and/or officers of their clients not to accept service.

23. Had the parties reached an amicable resolution, the Plaintiff would not have had any need to file the Complaint and commence this action in this Court.

24. Because I previously practiced in Chicago and this Court, I contacted Chicagoland Process Services, Inc. ("Chicagoland"), the process serving company that I used in my last case, on behalf of Wilson to begin the process of effectuating service of the Complaint in this action on Propelr, Marriani, and Reed.

25. This is why the email correspondence with Chicagoland that is attached as Exhibit "**I**" is between Chicagoland and I.

26. Exhibit "**I**". is a true and accurate copy of the email that I received from Chicagoland on November 7, 2023.

27. I am kept abreast of the case progress on a regular basis by Wilson as I am fully familiar with the facts, and should this matter proceed to trial against Reed, the only defendant not in default, then I would likely move for *pro hac vice* admission.

DECLARATION OF ANDREW WILLIAMS, ESQ. - 4

Under penalty of perjury under the laws of the State of Illinois, I declare that I have read the foregoing Declaration and that the facts stated in it are true and correct to the best of my knowledge and that this declaration was executed this 12th day of August 2024 in Miami-Dade County, Florida.

*Andrew Williams*
Andrew Williams, Esq.
*CA Bar #: 310526*