IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAYLOR PENDLETON, | ) |
|     Plaintiff, | ) ) ) ) No. 23-cv-04708 |
| v. | ) ) Judge Andrea R. Wood |
| 10Q LLC, et al., | ) ) |
|     Defendants. | ) |

### ORDER

    For the reasons stated in the accompanying Statement, Defendants Propelr Music LLC and Marriani Records' motion to set aside the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c) [30] is granted. The entry of default [23] is hereby vacated. The motion to dismiss [31] is deemed timely filed on behalf of those Defendants and Defendant Antoine Reed, and Plaintiff shall file a response to that motion by 10/21/2025. Defendants shall file their reply by 11/4/2025. Telephonic status hearing set for 11/6/2025 at 9:15 AM. The call-in number is (650) 479-3207 and the access code is 1808131170. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

### STATEMENT

**I.    Background**

    Plaintiff Taylor Pendleton, a free-lance artist, filed this action against Defendants 10Q LLC, Propelr Music LLC ("Propelr"), and Marriani Records ("Marriani"), all of which are record labels, as well as Defendant Antoine Reed, an entertainer. Reed is the sole owner and president of Marriani. Pendleton alleges that Defendants unlawfully used her original artwork as the cover art for Reed's mixtape without permission or compensation. The Complaint asserts claims for federal copyright infringement, negligence, and unjust enrichment.

    This case follows a prior suit in the Central District of California, *Pendleton v. 10Q LLC et al.*, No. 2:22-cv-04806-RGK-PVC, that involved the same parties and factual allegations but was dismissed for lack of personal jurisdiction. Pendleton appealed, then voluntarily dismissed that appeal. She subsequently refiled her claims in the Northern District of Illinois on July 20, 2023.

    After filing her Complaint, Pendleton attempted service on Defendants Proplr and Marriani (collectively, "Defaulting Defendants") over several months. The process server made

two attempts at the address listed for Defaulting Defendants' registered agent, Josh Kaplan. (Wilson Decl. ¶¶ 5–6, Dkt. No. 17-1.). Kaplan is the sole owner and manager of Propelr, and the listed address also serves as the office of the law firm Troglia Kaplan, LLC, where Kaplan was formerly a partner. Since February 2023, however, Kaplan has been serving in an "of counsel" role at the firm and has not been actively servicing clients. (Kaplan Decl. ¶¶ 5, 7, Dkt. No 30-2.)

When the process server returned for a third attempt on November 13, 2023, Kaplan was not present. Instead, summons was given to Bryan Troglia, Kaplan's law partner. (*Id*.). Based on that service date, Defaulting Defendants' answer was due on December 4, 2023. After no response or appearance, Pendleton moved for entry of default. (Dkt. No. 20.) Default was entered on April 3, 2024. (Dkt. No. 23.) More than two months later, on June 10, 2024, Pendleton personally served Reed at one of his concerts. According to Defaulting Defendants, it was only after Reed was served that Defaulting Defendants became aware of the lawsuit. They moved to set aside the default on June 28, 2024. (Dkt. No. 30.)

## II. Discussion

Under Rule 55(c), a court may set aside an entry of default for "good cause." The Seventh Circuit has determined that the moving party must establish: (1) good cause for the default, (2) prompt action to correct it, and (3) a meritorious defense to the complaint. *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). Importantly, defaults are generally disfavored in favor of resolving a case on the merits. *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).

Here, Defaulting Defendants provide two main reasons for their default. First, they claim that Kaplan was traveling at the time service was attempted and therefore he did not actually receive service from Pendleton's process server, as Troglia was served instead. (Kaplan Decl. ¶ 8.) Second, they point to communications between Pendleton's counsel and their former California attorney, who had represented them in the prior litigation. Defaulting Defendants suggest that, because Pendleton did not reach out to that California counsel after filing this lawsuit, they were not on notice that the case had been refiled, let alone that their response deadline had passed. The Court finds Defaulting Defendants' explanation sufficient to support good cause for the default. That serving Troglia, and not Kaplan, might have rendered service ineffective is particularly compelling. While Troglia and Kaplan shared an office address, Troglia was not an officer or registered agent of either Defaulting Defendant.

The second factor under Rule 55(c) is whether the defaulting party took prompt action to correct the default once aware of it. Evaluating the speed with which a party seeks to set aside an entry of default is a context-specific inquiry. *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) ("If a defendant [] did not even become aware of the default judgment until one month (or six months) after its entry, maybe trying to vacate the judgment at that late date would be quick enough to satisfy the standard").

The Clerk entered default against Defaulting Defendants on April 3, 2024. They moved to vacate the default on June 28, 2024. Defaulting Defendants assert that they only learned of the case—and the default— on June 10, 2024, when Reed was served. (Recall that Reed is not only a named Defendant but also the individual in charge of Marianni.) The motion to vacate followed 18 days later, and within the same period Reed had to answer the Complaint. *Cf. Myles v.*

2

*Reighter*, No. 15 C 9635, 2018 WL 1542391, at *5 (N.D. Ill. Mar. 28, 2018) (holding that defendants acted quickly where there was a 17-month delay between the entry of default and the filing of defendants' motion). The Court notes that Pendleton is unlikely to suffer any prejudice from Defaulting Defendants' delay, since she will continue litigating her claims against Reed regardless. The Court thus finds that Defaulting Defendants acted with sufficient promptness.

      Finally, the Court turns to Defaulting Defendants' defenses. To satisfy the "meritorious defense" prong, defendants need not prove their defenses but only demonstrate that they are not frivolous. *Wehrs*, 688 F.3d at 890–91. Defaulting Defendants assert that Pendleton did not register the disputed artwork with the Copyright Office prior to filing suit, as required by 17 U.S.C. § 411(a). They also argue that the unjust enrichment and negligence claims are preempted by the Copyright Act, 17 U.S.C. § 101, *et seq.*, because they seek to enforce rights equivalent to those protected under federal law and arise solely from the alleged unauthorized use of a creative work. Lastly, they raise a *res judicata* defense based on the dismissal of the California action.

      These defenses have varying degrees of validity. For example, the assertion that Pendleton did not register the disputed artwork prior to filing suit appears to be factually incorrect; Pendleton provided a copyright registration in response to a deficiency notice from the Clerk of the Court. (*See* Dkt. No. 4.) The registration lists a completion date of June 23, 2016 and a registration date of January 3, 2021—*i.e.*, after she allegedly discovered the misuse but before she filed suit. Similarly, the *res judicata* defense is unavailing. The California court dismissed the claims against Defaulting Defendants for lack of personal jurisdiction. Under Illinois law, a dismissal for lack of jurisdiction is not an adjudication on the merits, so it has no preclusive effect. *See Guerrero v. Piotrowski*, 67 F. Supp. 3d 963, 968 (N.D. Ill. 2014) (citing *Denault v. Cote,* 746 N.E.2d 765, 767 (Ill. 2001)). But as noted above, there is a reasonable argument that service on Defaulting Defendants was improper. That, in itself, would be a valid defense.

      Because Defaulting Defendants have demonstrated good cause for their default, acted promptly to address it, and have at least one meritorious defense, the Court grants the motion to vacate default.

Dated: September 30, 2025

                                                                          Andrea R. Wood
                                                                          United States District Judge