UNITED STATES DISTRICT
COURT NORTHERN
DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO: 1:23-cv-04708

TAYLOR D. PENDLETON, an individual,

Plaintiff,

v.

10Q LLC, a California Limited
Liability Company PROPELR MUSIC,
LLC, an Illinois Limited Liability
Company; MARRIANI INC., an
Illinois corporation; ANTOINE
REED p/k/a "Sir Michael Rocks," an
individual; and DOES 1 through 5,
inclusive,

Defendants.

/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS PROPELR MUSIC, LLC, MARRIANI, INC AND ANTOINE REED'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff, TAYLOR D. PENDLETON, (the "Plaintiff" or "Ms. Pendleton"), by and through undersigned counsel, and hereby submits this Response in Opposition to Defendants Propelr Music, LLC ("Propelr"), Marriani, Inc.'s ("Marriani") and Antoine Reed ("Reed") Motion to Dismiss (the "Motion to Dismiss" or "Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     THE MOTION TO DISMISS SHOULD BE DENIED**

Propelr, Marriani, and Reed filed the present Motion to Dismiss on June 28, 2024.

[DE 31]. The Motion purports to seek dismissal of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the prior California action bars this case and that Plaintiff has failed to state a claim upon which relief can be granted. In reality, however, Defendants' filing provides no independent argument or authority. It merely attempts to "incorporate by reference" a memorandum submitted in the earlier California proceeding, which was dismissed solely for lack of personal jurisdiction, as the Honorable R. Gary Klausner expressly noted, did "not need to delve into the merits" of Plaintiff's claims. [DE 32].

According to Fed. R. Civ. P. 41(b), unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as an adjudication on the merits. Because the California dismissal was based on personal jurisdiction, it was not adjudicated on the merits; therefore, there is no preclusive or res judicata effect. The Illinois action is now properly before this Court, and Defendants' reliance on their prior, non-merits memorandum is misplaced. Accordingly, the Motion to Dismiss should be denied because it relies on arguments from a case that never adjudicated the merits.

## II. STATEMENT OF FACTS

Plaintiff incorporates by reference the Declaration of Andrew Williams, Esq. (Dkt. 37-2), which remains accurate and directly relevant to the issues raised in Defendants' Motion to Dismiss.

On or around July 13, 2022, Plaintiff commenced a claim for copyright infringement and unjust enrichment in the United States District Court for the Central District of California

(Case #: 2:22-cv-04806-RGK-PVC, the "California Action"). The California Action involved the same parties as this action. See Declaration of Andrew Williams, Esq, [DE 37-2 ¶ 5]. On or around October 13, 2022, an Amended Complaint was filed in the California Action. *See* [DE 37-2 ¶ 9]

Eventually, Defendants moved to dismiss the California Action based upon personal jurisdiction, in which they claimed that they lacked sufficient contacts with the State of California, and the City of Los Angeles, and that the Defendants were citizens of the State of Illinois, and thus this Court was the proper venue for litigation. *See* [DE 37-2 ¶¶ 12-13]. The Trial Court in the California Action ultimately granted their motion on the jurisdictional grounds, and the California Action was dismissed. *Id*. at [DE 37-2 ¶ 14].

Because the Plaintiff believed that the Trial Court in the California Action erred by dismissing the California Action rather than transferring it to this Court, the Plaintiff filed an appeal to the Ninth Circuit Court of Appeals (the "Ninth Circuit"). *Id*. at ¶¶ 15-16. Pursuant to the policies and procedures of the Ninth Circuit, the parties and their counsel engaged in several substantive discussions with a "case mediator" to discuss the issues of the appeal and resolving the merits of the California Action. *Id*. at ¶ 17. As these conversations were not fruitful, counsel for the Plaintiff expressly advised counsel for Defendants, Eduardo Martorell and Jordan Zim, as well as the Ninth Circuit mediator, Sasha Cummings, of the Plaintiff's intent to file an action in this Court. *Id*. at ¶¶ 17-18. Eventually, the Plaintiff abandoned her appeal in the Ninth Circuit, and on July 20, 2023, the Plaintiff filed an action in this Court, which was based upon Copyright Infringement, Negligence, and Unjust Enrichment (the "Complaint"). [DE 1].

Defendants filed the instant Motion on June 28, 2024, along with the Motion to

Dismiss, which they lacked standing to file. [DE 30, 31]. The Plaintiff has filed this response pursuant to this Court's September 30, 2025 Order. [DE 46].

Plaintiff's Complaint sets forth detailed factual allegations supporting each element of her claims. For purposes of this Motion, those allegations must be accepted as true. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### III.     LEGAL STANDARD

In order to survive a 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is factually plausible when the plaintiff alleges enough facts to permit a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff is not required to plead "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555.

When considering a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor". *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). Dismissal is proper "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (quoting *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003)).

Accordingly, when the allegations in the Complaint are accepted as true and construed in Plaintiff's favor, they easily meet the threshold for plausibility under Rule 12(b)(6).

## IV. ARGUMENT

### A. The California Dismissal Was Jurisdictional and Has No Preclusive Effect

Defendants' reliance on the prior California action is misplaced. As stated above, the California Action was dismissed solely on personal jurisdictional grounds and was not decided on the merits of Plaintiff's claims. As stated by the Honorable R. Gary Klausner, the California court "need not delve into the merits" of the case because the defendants lacked sufficient contacts with California to establish personal jurisdiction.

Defendants' assertion that their 12(b)(6) motion was granted on its merits is factually inaccurate. Under Federal Rule of Civil Procedure 41(b), a dismissal operates as an adjudication on the merits unless it is based on one of three exceptions - lack of jurisdiction, improper venue, or failure to join a party under Rule 19. Because the California dismissal was based on lack of personal jurisdiction, it was not adjudicated on the merits and therefore has no preclusive or res judicata effect.

As this Court has already recognized in the preceding Order, "[t]he California court dismissed the claims against Defaulting Defendants for lack of personal jurisdiction. Under Illinois law, a dismissal for lack of jurisdiction is not an adjudication on the merits, so it has no preclusive effect." (citing Guerrero v. Piotrowski, 67 F. Supp. 3d 963, 968 (N.D. Ill. 2014) and Denault v. Cote, 746 N.E.2d 765, 767 (Ill. 2001)). [DE 46]

Moreover, as the Defendants themselves asserted in the California Action, Illinois has personal jurisdiction over this case. Accordingly, this action is now properly before this Court, the very forum Defendants previously identified as the appropriate venue for resolution. The California court's dismissal does not bar this litigation, nor can Defendants rely on arguments from that proceeding, which were never considered or ruled upon.

For these reasons, Defendants' claim that the California dismissal precludes Plaintiff's claims must be rejected. The issues are now properly before this Court and should be decided on their merits.

### B. Plaintiff's Complaint States Plausible Claims for Relief

Defendants' Rule 12(b)(6) motion fails because Plaintiff's Complaint more than satisfies the federal pleading standards. When the allegations in the Complaint are accepted as true and construed in Plaintiff's favor, they demonstrate that Defendants infringed Plaintiff's copyrighted artwork, acted negligently in releasing and profiting from it without authorization, and were unjustly enriched by those actions. The Complaint contains detailed factual allegations showing ownership of a valid copyright, Defendants' access to and unauthorized use of Plaintiff's artwork, and the resulting harm. These allegations, taken together, easily state plausible claims for relief under the Copyright Act and Illinois law.

1. **Copyright Infringement**

Copyright infringement occurs when anyone violates the exclusive rights of a copyright owner. 17 U.S.C. § 501(a). To establish copyright infringement, two elements must be proven (1) ownership of a valid copyright and (2) copying of the constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).

Here, Plaintiff alleges that she is the creator and copyright owner of the artwork used as the album cover for Funds and Access, that her copyright was registered with the United States Copyright Office, and that Defendants used, distributed, and profited from that artwork without authorization. [DE 1 ¶¶ 11-44, 57-65.] Plaintiff further alleges that the artwork Defendants used is the exact design of her copyrighted work and that Defendants had direct access to it through Defendant Reed. (Id.)

Taken as true, these allegations plausibly establish ownership of a valid copyright and unauthorized copying sufficient to state a claim for copyright infringement under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

### 2. Negligence

Under Illinois law, a negligence claim must allege that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries. *First Springfield Bank & Trust v. Galman*, 188 Ill. 2d 252 (1999).

In the Complaint, Plaintiff alleges that Defendants owed her a duty to exercise reasonable care by ensuring that they possessed the proper licenses and authorization to use her artwork before releasing and monetizing it, that Defendants breached that duty by commercially exploiting the artwork without her consent, and that she suffered pecuniary loss and loss of control over her work as a result. [DE 1 ¶¶ 67-71.]

These facts, accepted as true, state a plausible claim for negligence under Illinois law.

### 3. Unjust Enrichment

To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. *Siegel v. Shell Oil Co.*, 656 F. Supp. 2d 825 (N.D. Ill. 2009).

In the Complaint, Plaintiff alleges that Defendants obtained substantial profits from their unauthorized use of her artwork to market, distribute, and sell the album. At the same time, she has never received any compensation or credit for her artwork. [DE 1 ¶¶ 72-79.]

These allegations are sufficient to plausibly establish that Defendants unjustly retained a benefit from the use of Plaintiff's artwork to her detriment and the retention of that benefit violates the fundamental principles of justice, equity, and good conscience.

Because Plaintiff's allegations, taken as true, clearly establish plausible claims for copyright infringement, negligence, and unjust enrichment, dismissal under Rule 12(b)(6) is unwarranted.

## V.     CONCLUSION

Based upon the foregoing points, authorities, and statutes, the Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety. The California dismissal was jurisdictional and has no preclusive effect, and Plaintiff's Complaint sets forth detailed, well-pleaded factual allegations that, when accepted as true, state plausible claims for relief under federal and Illinois law. Accordingly, this case should proceed on the merits.

**WHEREFORE,** the Plaintiff respectfully requests that this Court enter an order denying the Motion to Dismiss.

Dated this 21st day of October 2025.

Respectfully submitted,

THE LAW OFFICES OF KRISTINA T. WILSON P.C

s/Kristina T. Wilson
Kristina T. Wilson, Esq.
*Attorney for Plaintiff,* Taylor D. Pendleton
18060 Grace Ln, Unit 104
Canyon Country, CA 91387
Telephone: (323) 537-7795
CA Bar No. 330475
Email: Wilson@KTWilsonLaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served on all parties or counsel of record through the CM/ECF efiling portal of this Court this 21st day of October 2025.

Dated: October 21, 2025                                          s/Kristina T. Wilson