THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Taylor D. Pendleton,<br><br>        Plaintiff,<br><br>    v.<br><br>10Q LLC, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-04708<br><br>Dist. Judge Andrea R. Wood<br><br>Mag. Judge M. David Weisman |

**REPLY IN SUPPORT OF DEFENDANTS
PROPELR MUSIC, LLC, MARRIANI, INC., AND ANTOINE REED'S
MOTION TO DISMISS PLAINTIFF TAYLOR PENDLETON'S COMPLAINT**

  Defendants Propelr Music, LLC ("Propelr"), Marriani, Inc. ("Marriani"), and Antoine Reed ("Reed" and, together with Propelr and Marriani, "Defendants"), by their counsel, respectfully submit this reply in support of their Motion to Dismiss Plaintiff Taylor D. Pendleton's ("Pendleton" or "Plaintiff") complaint ("Complaint") [Dkt. 1], pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") [Dkt. 31] for the reasons set forth in Defendant's memorandum [Dkt. 32]. Plaintiff filed a response brief opposing the Motion to Dismiss ("Response") [Dkt. 47].

**PRELIMINARY STATEMENT**

  As set forth by Defendants in their Motion to Dismiss, Plaintiff previously sued Defendants – along with 10Q LLC ("10Q") and Doe defendants – in the Central District of California, Case No. 2:22-cv-04806-RGK-PVC ("California Action"). Defendants moved to dismiss the California Action for lack of personal jurisdiction. The motion was granted, and Plaintiff's motion for reconsideration was denied. (Separate from Defendants, defendant 10Q had also succeeded in having the

California Action dismissed on 12(b)(6) grounds.) Plaintiff appealed to the Ninth Circuit on May 17, 2023. In parallel, Plaintiff also proceeded to initiate this case ("Illinois Action") in July 2023. While this Illinois Action was proceeding, on March 15, 2024, the Ninth Circuit dismissed the California Action for Plaintiff's failure to prosecute the appeal. On April 3, 2024, the Court entered default against 10Q, Propelr, and Marriani in the Illinois Action. After learning of the Illinois Action, Propelr and Marriani moved to set aside the entry of default against them [Dkt. 30], and, together with Reed, proceeded to file this Motion to Dismiss. The Court then granted Propelr and Marriani's motion to vacate the entry of default. [Dkt. 46].

Same as before, dismissal is warranted on three independent grounds. First, res judicata bars all claims because, once the Ninth Circuit dismissed the California Action for failure to prosecute the appeal, a final judgment on the merits came into existence (and the other two requirements of res judicata also exist). Second, Pendleton has failed to properly plead her copyright infringement claim because the Complaint does not make any reference to a registration or application for registration of the at-issue copyright. Third, Plaintiff's state-law negligence and unjust enrichment claims are preempted by the Copyright Act, and Plaintiff waived any contrary arguments by failing to address preemption in her Response. As discussed in more detail below, the Court should grant Defendants' Motion to Dismiss in full.

**ARGUMENT**

I. **All three requirements of res judicata, including the existence of a final judgment on the merits, are satisfied, and Pendleton's claims against Defendants are precluded as a result.**

In the Motion to Dismiss, Defendants argue that all of Pendleton's claims are precluded under the doctrine of res judicata. [Dkt. 32 at 4–6]. As discussed by Defendants, res judicata requires the satisfaction of three elements: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." [Dkt. 32 at 4 (quoting *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016))]. In her Response, Pendleton acknowledges that "[t]he California Action involved the same parties as this action." [Dkt. 47 at 3]. Pendleton also does nothing to contravene Defendants' assertion that "Pendleton has already admitted that she filed the California Action against the Defendants 'based upon the same claims and causes of action in this Complaint.'" [Dkt. 32 at 4 (quoting Compl. ¶ 45)]. Therefore, there is no dispute that the first two requirements of res judicata are met.

The sole point of contention is whether the third requirement – the existence of a final judgment on the merits – has been satisfied. In previously labeling Defendants' res judicata defense as "unavailing," the Court noted that "[t]he California Court dismissed the claims against Defaulting Defendants for lack of personal jurisdiction," and that "a dismissal for lack of jurisdiction is not an adjudication on the merits." [Dkt. 46 at 3]. It is evident, however, that the Court misconstrued Defendants' argument and the posture of the California Action. Predictably, Pendleton does nothing in her Response to clarify the matter for the Court.

The Defendants argue that there is, for purposes of res judicata, a final judgment on the merits – <u>not because of the dismissal for lack of personal jurisdiction, but rather because of the subsequent dismissal of the California Action by the Ninth Circuit based on a **failure to prosecute the case**</u>. [*See* Dkt. 32 at 6]. In its prior order vacating the entry of default against Marriani and Propelr, the Court stated that, after dismissal of the California Action against Defendants for lack of personal jurisdiction, "Pendleton appealed, then <u>voluntarily dismissed</u> that appeal." [Dkt. 46 at 1 (emphasis added)]. That is inaccurate. Pendleton did not voluntarily dismiss her appeal to the Ninth Circuit. Rather, the Ninth Circuit dismissed that appeal for a <u>failure to prosecute</u>. [*See* **Exhibit A**]. (Indeed, Pendleton herself describes the situation as "Plaintiff abandon[ing] her appeal in the Ninth Circuit." [Dkt. 47 at 3].) This is a crucial distinction.

As Defendants previously supported in the Motion to Dismiss, under Ninth Circuit law, a dismissal for failure to prosecute "operates as an adjudication upon the merits," unless the dismissal specifies otherwise. [Dkt. 32 at 6 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001))]; *see also*, FED. R. CIV. P. 41(b). The same is true under Seventh Circuit law. [Dkt. 32 at 6 (citing *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 838 (7th Cir. 2015); *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006))]. When they filed their Motion to Dismiss, Defendants provided the Ninth Circuit's order dismissing Plaintiff's appeal for a failure to prosecute. [Dkt. 32-1 at 36].[1] This order clearly states that the California

---

[1] To facilitate the Court's review at this stage, Defendants reattach specifically that order from the Ninth Circuit (issued March 15, 2024) to this Reply. [*See* **Exhibit A**.]

4

Action was "dismissed for failure to prosecute." [*Id.*]. Issued on March 15, 2024, the order further states that it would "become the mandate of the court in 21 days" (*i.e.*, on April 5, 2024). [*Id.*]. The order does not include any statement to the effect of it failing to operate as a final judgment on the merits, [*see id.*], which, per Ninth Circuit case law and the Federal Rules of Civil Procedure, would have been required to avoid operation of that dismissal as a final judgment on the merits.

Therefore, while Pendleton's claims were not initially barred when she filed the Illinois Action in July 2023, res judicata's preclusive effect kicked in at the latest in early April 2024, when the Ninth Circuit's dismissal for want of prosecution became a mandate for the district court in California. The fact that this occurred after Pendleton had already initiated the Illinois Action does not negate the current existence of a final judgment on the merits in the California Action. *See Daniels v. Rivers*, No. 14 C 1533, 2014 WL 6910492, at *7 (N.D. Ill. Dec. 9, 2014) (ST. EVE., J.) (finding that "the sequence of when the suits were filed does not prevent the application of res judicata" and that the "doctrine applies even if the judgment of the other suit occurred while the second suit was pending.") (citing *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999)); *Chang v. Nw. Mem'l Hosp.*, 549 F. Supp. 90, 94 (N.D. Ill. 1982) ("'A valid and final judgment rendered in one action is conclusive in another action between the parties although the other action was commenced . . . before the commencement of the action in which the judgment was rendered.'") (quoting RESTATEMENT OF JUDGMENTS § 43). With all three res

5

judicata requirements met, the entire Illinois Action should be dismissed with prejudice.[2]

## II. Pendleton's Complaint is deficient with respect to the copyright infringement claim, and this deficiency must result in a dismissal.

In her Response, Pendleton states that her Complaint "contains detailed factual allegations showing ownership of a valid copyright." [Dkt. 47 at 6]. She further proceeds to state that she has alleged "that her copyright was registered with the United States Copyright Office." [*Id.* (citing Compl. ¶¶ 11–44, 57–65)]. A careful review of the Complaint, however, clearly shows that Pendleton's description of her own pleading simply is not true. As Defendants had previously averred, in addition to failing to attach a copyright registration certificate, the Complaint is devoid of any mention of a copyright registration number or act of applying for registration. [*See* Dkt. 32 at 7]. "What is argued in briefing cannot be considered to amend a pleading, and cannot attempt to rectify deficiencies of a complaint." *Cross v. Dick's Sporting Goods, Inc.*, No. 2:21CV198-PPS/JPK, 2022 WL 138038, at *2 (N.D. Ind. Jan. 14,

---

[2] As mentioned by Marriani and Propelr when they filed their motion to set aside default, they do not know whether 10Q – a California entity – is aware of the default entered against it in the Illinois Action. [Dkt. 30, at 3 n.1]. However, 10Q's Rule 12(b)(6) motion to dismiss for failure to state a claim had been granted in the California Action, and Plaintiff's motion for reconsideration was similarly denied with respect to dismissal of 10Q. *See* California Action, Dkts. 54, 64. Therefore, a final judgment on the merits in 10Q's favor existed even earlier than with respect to the Defendants. Res judicata would apply just as much with respect to 10Q. Considering that no final judgment has been issued against 10Q in the Illinois Action, Rule 55(c) of the Federal Rules of Civil Procedure permits the Court *sua sponte* to set aside an entry of default for "good cause." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008). The "good cause" required by Rule 55(c) is for the judicial action, not for the defendant's error. *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). With claims precluded against 10Q, the Court should set aside the entry of default against 10Q and, combined with the granting of this Motion to Dismiss, the Court should dismiss the entire Illinois Action.

2022) (citing *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009)).

In ruling on Marriani and Propelr's motion to set aside entry of default, the Court commented that "Pendleton provided a copyright registration in response to a deficiency notice from the Clerk of the Court." [Dkt. 46 at 3]. The Court seemingly took judicial notice of Pendleton's response to the deficiency notice. [*Id.* (citing Dkt. 4)]. Judicial notice, however, is not an avenue for overcoming pleading deficiencies, as "the averments of the complaint cannot be helped out by resort to the other pleadings or to judicial knowledge." *Bankers' Mut Cas. Co v. Minneapolis, St P & S S M R Co*, 192 U.S. 371, 383 (1904). The Court's preparation of a copyright report in compliance with Section 508(a) of the Copyright Act should not be conflated with a plaintiff's obligations to comply with Rule 8 of the Federal Rules of Civil Procedure. *See Santa Fe Goldworks, Inc. v. Bella Jewelry, LLC*, No. CV 23-602 KK/JMR, 2024 WL 3161893, at *5 (D.N.M. June 25, 2024) (finding that an "argument mistakenly treats the [17 U.S.C. § 508(a)] report as Plaintiff's pleading under Rule 8, which it is not. Rather, the report merely notifies the Register of copyrighted works involved in pending civil litigation.").

As Defendants explained in the Motion to Dismiss, a complaint alleging copyright infringement must actually reference the act of registering the copyright at issue. [Dkt. 32 at 6–7]; *see also*, *Lawrence v. Trax Recs., Inc.*, No. 22 C 5660, 2025 WL 919616, at *6 (N.D. Ill. Mar. 26, 2025) (THARP, J.) (dismissing copyright infringement claim without prejudice because the count did "not allege possession of

7

valid copyright registrations by each plaintiff, a prerequisite to any infringement claim."); *Brooks-Ngwenya v. Thompson*, No. 1:05-CV-1469-LJM-WTL, 2006 WL 6363603, at *2 (S.D. Ind. Mar. 3, 2006) ("Because Plaintiff has failed to allege that she registered the program, dismissal of her copyright infringement claim is appropriate."), *aff'd as modified*, 202 F. App'x 125 (7th Cir. 2006); *Thornton v. Meta, Inc.*, No. 1:23-CV-293-HAB, 2023 WL 7182121, at *1 (N.D. Ind. Nov. 1, 2023) ("Because Plaintiffs have failed to allege registration of the allegedly infringed works, this case must be dismissed."). The Supreme Court has likened copyright registration to "an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com*, 586 U.S. 296, 301 (2019). It is possible that Pendleton indeed fulfilled that requirement. To survive a motion to dismiss, however, <u>a plaintiff must actually include an allegation to that effect in the complaint</u>. *See Vanderwiel v. Schawk USA, Inc.*, No. 12 C 4178, 2012 WL 4932658, at *2 (N.D. Ill. Oct. 16, 2012) ("In the absence of any allegations regarding the required administrative procedures, we must dismiss the complaint for failure to exhaust administrative remedies."). Pendleton has not done so. Therefore, Pendleton's failure to plead the existence of a copyright registration must result, at a minimum, in a dismissal without prejudice.

### III. Pendleton has waived any arguments with respect to preemption, and Pendleton's state law claims are preempted for the reasons set forth in the Motion to Dismiss.

In her Response, Pendleton argues that she sufficiently pleaded her Illinois state law claims for negligence and unjust enrichment. [Dkt. 47 at 7–8]. She does not, however, respond to (or even otherwise mention) Defendants' arguments as to

preemption. The Seventh Circuit has "repeatedly held that a party waives an argument by failing to make it before the district court." *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012); *see also*, *Beal v. Wyndham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962, 968 (W.D. Wis. 2013) ("Plaintiff failed to respond to defendant's preemption arguments, thereby conceding that this claim is preempted and waiving any argument in response.") (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)); *Boniface v. Westminster Place*, No. 18-CV-4596, 2019 WL 479995, at *5 (N.D. Ill. Feb. 7, 2019) ("[Plaintiff] fails to respond to defendants' argument that her state law retaliation claim is preempted, and thus also has conceded this argument.") (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011)).

In line with precedent, Pendleton's failure to address Defendants' argument with respect to preemption presumably confirms that Pendleton waives any such argument. For the reasons set forth in Defendants' Motion to Dismiss, the Court should dismiss Pendleton's state law claims because they are preempted by the Copyright Act. [*See* Dkt. 32 at 8–12].

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court dismiss this suit, including all of Plaintiff's claims against Defendants.

Dated: October 28, 2025

          Respectfully submitted,

          **ZLATKIN CANN ENTERTAINMENT**

          By: /s/ *Ilya G. Zlatkin*
          Ilya G. Zlatkin
          ZLATKIN CANN ENTERTAINMENT
          4245 North Knox Avenue
          Chicago, Illinois 60641
          Tel: (312) 809-8022
          Fax: (312) 809-6918
          ilya@zce.law

          **AJ FARAG LAW LLC**

          By: /s/ *Adam J. Farag*
          Adam J. Farag
          AJ FARAG LAW LLC
          1525 North Elston Avenue, Suite 200
          Chicago, Illinois 60642
          Tel: (815) 262-1486
          adam@ajflaw.com

          *Attorneys for Defendants Propelr Music, LLC, Marriani, Inc., and Antoine Reed*