THE LAW OFFICES OF KRISTINA T. WILSON P.C.
Kristina T. Wilson, Esq.
Attorney for Plaintiff
18723 Via Princessa,
1098
Santa Clarita, California 91387
Telephone: (323) 537-7795
CA Bar No. 330475
Email: Wilson@KTWilsonLaw.com
Secondary Email: KTWilsonLaw@gmail.com

**Attorney for Plaintiffs, TAYLOR D. PENDLETON**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAYLOR D. PENDLETON, an individual, | Case No.: 1:23-cv-04708 |
| Plaintiff, | PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE [DE 56] |
| vs. | |
| 10Q LLC, a California Limited Liability Company; PROPELR MUSIC, LLC, an Illinois Limited Liability Company; MARRIANI RECORDS, an Illinois corporation; ANTOINE REED p/k/a "Sir Michael Rocks," an individual; and DOES 1 through 100, inclusive; | |
| Defendant | |

Plaintiff, TAYLOR D. PENDLETON ("PLAINTIFF"), submits this response to this Court's March 23, 2026, Order to Show Cause why the previously entered default against Defendant 10Q LLC should not be vacated and the claims against 10Q LLC dismissed with prejudice as barred by res judicata. [DE 56].

RESPONSE TO ORDER TO SHOW CAUSE - 1

As set forth in the below response and supporting declaration of Kristina T. Wilson, Esq. ("Plaintiff's Counsel"), the default against 10Q LLC should be maintained because the California court expressly declined to reach the merits of 10Q LLC's motion to dismiss, stating that it "need not delve into the merits" of the arguments before it. A dismissal the court itself describes as not reaching the merits is not a final judgment on the merits and cannot support res judicata.

Plaintiff's Counsel shall address this point as follows:

**A. The California Dismissal of 10Q LLC Was Procedural, Not on the Merits, and Cannot Support Res Judicata**

Under Illinois law, claim preclusion requires: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies. *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998). A judgment is on the merits only when it determines the parties' respective rights and liabilities based on the facts before the court. *Lehman v. Continental Health Care, Ltd.*, 240 Ill. App. 3d 795, 802 (1992). Plaintiff does not dispute the second and third elements. The question here is whether the California dismissal of 10Q LLC constitutes a final judgment on the merits. It does not, because the California court never determined the parties' rights or liabilities based on the facts. It expressly declined to do so.

While 10Q LLC filed a separate Rule 12(b)(6) motion in the California Action, the California court expressly declined to rule on the merits of that motion, stating: "The Court need not delve into the merits of these arguments, however, as Plaintiff has failed to oppose the motion." The court granted the motion solely under Local Rule 7-12 as a procedural default for failure to oppose, not as a substantive adjudication of Plaintiff's claims. *See* Exhibit A. A dismissal the court itself describes as not reaching the merits is not a final judgment on the merits under the first element of res judicata.

This Court reached the same conclusion in its March 23, 2026 Opinion, finding that a procedural dismissal that does not reach the merits cannot support res judicata. The California court used identical language as to 10Q LLC. The result must be the same.

Even if the Court were to find the technical elements of res judicata satisfied, the Illinois Supreme Court has recognized six scenarios where application of res judicata would be inequitable. *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1207 (Ill. 1996). There are at least two scenarios that apply here. First, Plaintiff was unable to obtain full relief in the California Action due to a restriction on the jurisdiction of that court, which dismissed the Illinois defendants for lack of personal jurisdiction. *Id*. at 1207. Second, it is clearly and convincingly shown that the policies favoring preclusion are overcome for an extraordinary reason, namely that the California court expressly stated it was not reaching the merits of Plaintiff's claims against 10Q LLC. Applying res judicata under these circumstances would be inequitable and contrary to the doctrine's underlying purpose.

Accordingly, res judicata does not bar Plaintiff's claims against 10Q LLC and the default should be maintained.

**WHEREFORE**, the Plaintiff respectfully requests that this Court maintain the previously entered default against Defendant 10Q LLC, find that res judicata does not bar Plaintiff's claims against 10Q LLC, and allow this matter to proceed on the merits.

DATED this 6th day of April 2026.

///

Respectfully submitted,

**THE LAW OFFICES OF KRISTINA T. WILSON P.C.**

/s Kristina T Wilson, Esq.

BY: KRISTINA T WILSON, ESQ.
California Bar No.: 330475
18723 Via Princessa, 1098
Santa Clarita, California 91387
Telephone: (323) 537-7795
Attorney for Plaintiff Taylor D. Pendleton
E-Service: Wilson@KTWilsonLaw.com
Secondary: KTWilsonLaw@gmail.com

<u>CERTIFICATE OF SERVICE</u>

Plaintiff TAYLOR D. PENDLETON hereby certify that on this 6th day of April 2026, a true and complete copy of this motion was filed through the CM/ECF filing system and served on any parties who appeared in this action.

**THE LAW OFFICES OF KRISTINA T. WILSON P.C.**

/s Kristina Wilson, Esq.